NATIONAL BANK OF THE REPUBLIC, RESPONDENT, *v*. H. F. HAPGOOD AND OTHERS, APPELLANTS.

PARTIES.—TRANSFER OF INTEREST.—ABATEMENT.—Where plaintiff began suit as assignee of a mortgage from the assignee of the mortgagee who had guaranteed payment, and pending the action the mortgagee paid the note to plaintiff, *held* that the suit did not abate but could be continued in the name of the plaintiff for the benefit of the assignee of the mortgagee, as against the mortgagee who had guaranteed payment and the mortgagor.

APPEAL from a judgment of the district court of the third district, Hon. Charles S. Zane, judge. The opinion states the facts.

*Mr. Arthur Brown, Mr. Enos D. Hoge* and *Mr. Theodore Burmester,* for the appellants.

Two objections to the decree are made: (1) The plaintiff had ceased to have any interest in the litigation and could not prosecute it further. The statute is express that the suit must be prosecuted in the name of the real party in interest. Sec. 3160, 2 Comp. Laws, 1888; *Webster* v. *Hitchcock,* 11 Mich. 56; *Brewer* v. *Dodge,* 28 Mich. 366; *Perkins* v. *Perkins,* 16 Mich. 62; *Sedgwick* v. *Cleveland.* (2) Christian was a stranger to the debt. She was never liable as endorser. She was guarantor for collection. Her undertaking was to pay, if the property did not bring enough. She ought not to have been made a party. It was a misjoinder, because no liability was asked against her, nor could be asked against her until the property had failed to bring enough. She being a stranger to the debt and having paid the debt, the debt was extinguished.

*Mr. Jabez G. Sutherland,* for the respondent.

Section 3187, 2 Comp. Laws 1888, settles the question. In its interpretation. California cases upon their statute, of which ours is a literal copy, are more relevant, than Michigan cases.      The second point in appellant's brief is that Mrs. Christian had no right to pay the mortgaged debt. This is correct but irrelevant.      She paid but took assignment of the mortgage.

BARTCH, J.:

This is an action to foreclose a mortgage given to secure a note for $1,000.      The note was given by defendant Hapgood to defendant Thompson.      Thompson assigned the note to defendant Christian, who assigned it to plaintiff. Thompson and Christian guaranteed payment.      After this suit was commenced, Christian paid the note to plaintiff, and this action was continued in the name of plaintiff for the benefit of defendant Christian.      A decree of foreclosure was made, and the mortgaged premises ordered sold. Defendant  Burmester  was  a  purchaser  subject  to  the mortgage.      Defendant Hapgood appeals from the judgment.

The only question presented by this appeal is whether, after defendant Christian paid the debt to plaintiff, it could prosecute the action to judgment for her benefit. Section 3187 of the Compiled Laws of Utah (volume 2, p. 233)· is as follows: "An action or proceeding does not abate by the death or any disability of a party, or by the transfer of any interest therein, if the cause of action or proceeding survive or continue.   *   *   *   In the case of any transfer of interest the action or proceeding may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action or proceeding." This section corresponds to section 385 of the California Code. This section of the California Code has been construed by

the supreme court of that state in cases similar to the one at bar. See *Mastick* v. *Thorp*, 29 Cal. 446, which was an action concerning real estate, and the title was transferred pending suit; yet a recovery was permitted to stand in the name of the vendor for the benefit of his vendee. In the case of *Moss* v. *Shear*, 30 Cal. 468, the same court held that this section of the California Code not only allowed a recovery of the land sued for in the name of the original plaintiff, but also permitted a recovery of rents and profits after the sale, and up to the day of trial. This latter would appear to be a much more doubtful case than the one at bar. To the same effect are the cases of *Hestres* v. *Brennan*, 37 Cal. 385, and *O'Neil* v. *Dougherty*, 46 Cal. 576. We adopted this section of the California Code after the construction given in the above cases had been made. We are inclined to follow this construction. There is no error in the record, and the judgment is affirmed, with costs to respondent.

MINER, J., concurred.