[No. 6076.]

LOUKOWSKI v. PRYOR.

1. **Judgment—Equitable and Legal Relief—Reformation of Contract**—A written contract may, under proper pleadings, be reformed, and enforced as reformed, in the same action.—(586)

But in an action at law to recover rent under a written lease, the complaint alleging that by mistake the premises actually demised were not described therein, and praying merely judgment for the rental, there can be no judgment for the rent until and unless there is a decree directing reformation of the lease. Only the court can award this equitable relief, and until the contract is reformed, there can be no judgment thereon at law. A judgment upon a verdict of the jury in the action, without reformation of the alleged mistake, is error.—(586)

2. **Evidence — Measure of Proof Required** — To warrant the reformation of a writing, on the ground of a mistake, the evidence must be clear and convincing, and mere preponderance of the evidence is not sufficient.—(587)

*Appeal from Huerfano District Court*—Hon. CHARLES C. HOLBROOK, Judge.

Mr. S. HARRISON WHITE, for appellant.

Messrs. GARWOOD & GARWOOD, and Mr. CHARLES HAYDEN, for appellee.

Mr. JUSTICE MUSSER delivered the opinion of the court:

The appellant, who was defendant below, occupied certain premises of the appellee for two years, paid the rent therefor, and moved out. The complaint alleges that the plaintiff let to the defendant the premises, so occupied by the latter, for a term of five years, at $60.00 a year; that a mistake was made in the written lease, in describing the premises intended to be leased, and that entirely different premises were therein described; that defendant failed to pay the rent for the last three years of the term, and judgment was asked for the amount of the unpaid rent. The answer of the defendant denies the allegations of the complaint, and alleges that the premises occupied by the defendant were leased from the plaintiff by verbal lease at $5.00 a month, for as long a time as defendant might desire; that the defendant occupied the premises for two years, and paid all the rent therefor. The evidence of the plaintiff tended to show that there was a written lease executed, demising, for the term of five years, premises entirely different from those occupied by defendant; that two years after the lease was executed, the plaintiff learned of the mistake in describing the premises, sought for his duplicate copy of the lease, could not find it, and was unable to find the copy up to the time of the trial. Notice to produce the lease was given to the defendant. Oral testimony was given of the contents of the lease as executed, which showed that the premises described therein were altogether different from those which had been occupied by the defendant, while it was intended to describe the premises so occupied. The defendant, by his testimony, denied that a written lease had ever been executed. There was no

request for a reformation of the lease in the complaint, or in any manner. There was a trial by jury and the verdict was for plaintiff for the three years rent and the judgment is simply a judgment at law for that amount.

This action is for rent of premises for a time when they were not occupied by the defendant and seeks to hold him liable, under the covenants of a written lease. The lease in evidence, and as executed, is not a lease of the premises for which it is sought to recover rent, nor a lease of the premises alleged in the complaint to have been leased to defendant. Until the lease executed is reformed in equity, it must stand as the agreement of the parties. —*Randolph v. Helps*, 9 Colo. 29. There has been no decree or judgment of any court correcting or reforming the lease, as made. The mere allegation and testimony of a mistake in an action at law upon the covenants does not reform a contract. A contract is reformed by a judgment of court reforming it. The lease, as made, is still the only lease in existence. True, a written contract can often be reformed, and as reformed, be enforced in the same suit; but even then a reformation must be adjudged before it is reformed. The reformation of a lease is a question exclusively for a court, while the question of rent due on a lease is primarily for a jury. Under proper pleadings, if a court has jurisdiction to retain the matter for complete adjustment, or the parties consent thereto, the court may smoothly try the whole matter without a jury, and in one decree adjudge the lease reformed, and follow this with a judgment for the rent unpaid, upon the covenants of the lease as reformed. If the allegations of the complaint are sufficient, and the parties consent thereto, the trial of the question of reformation by the court and the trial of the question of rent due by a jury might, with

more or less awkwardness, proceed at the same time; but even in such an attempt, before a verdict can be rendered on the covenants of the lease, as reformed, the court must adjudge the reformation, and in some way present the lease, as reformed, to the jury, as evidence upon which to base their verdict. If the court had passed on the question of reformation in this case, it might have refused to reform the lease. The verdict of the jury for the rent is no indication that the lease should have been reformed, for that verdict was based on a preponderance of the evidence only. The rule of evidence in the reformation of instruments, on the ground of mistake, is that the evidence of mistake must be most clear and convincing. A mere preponderance is not sufficient.—*Wilson v. Morris,* 4 Col. App. 242. It follows that this judgment is based upon the covenants in a lease that was never executed by the parties, or made to be so executed by the judgment of a court, and which exists only in the mind of plaintiff.

The judgment is, therefore, reversed and the cause remanded for such proceedings as may be in accordance with law.    *Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CAMP-BELL concur.