[No. 3535.]

### MANZANAREZ ET AL. V. ROMINGER.

1. APPEALS—*Findings on Sufficient Though Conflicting Evidence,* will not be reviewed.

2. JUDGMENT—*Must Rest on the Pleadings.* A decree modified by direction to the court below to omit an award of relief not within the issue or justified by the proof.

*Appeal from Saguache District Court.* HON. CHARLES C. HOLBROOK, Judge.

Messrs. CORLETT & CORLETT, for appellants.

Mr. JOHN I. PALMER, for appellee.

CUNNINGHAM, Judge.

This was an action brought by the appellee to restrain the appellants from interfering with his use of three cubic feet of water which he alleged belonged to him, and which he was taking from what is known as Black Canon Creek in Saguache County, and applying to agricultural lands which belonged to him. From the record before us, neither party's rights to the water had ever been adjudicated. There were no maps or plats of any sort introduced on the trial, and no record evidence of title to land or water introduced by either side. However, the title to the lands claimed by either party seems not to have been in dispute. The right of each of the par-

ties to water was submitted to the trial court without a jury, upon evidence conflicting in the extreme. The appellants insist that all the water they were using they had developed and saved by their own efforts, and therefore were entitled to the use of the same, notwithstanding the appellee and his grantees had occasionally, at least, made use of certain water long prior to their location in that vicinity. The trial judge, under evidence sufficient to warrant him in so doing, has found against the appellants, and we are not, therefore, at liberty to reverse the judgment.

However, the trial court in one particular committed error, and its decree ought to be modified. The decree provides, "that plaintiff make and construct an opening or gate in the defendants' dam such as will allow sufficient water to pass said dam to supply and fill plaintiff's right to three cubic feet of water per second of time, and that defendants construct in the head of their ditch in said dam a headgate to regulate the flow of water in said ditch." While this provision may be eminently wise, we think the court has no authority, under the pleadings and the proof, to enforce it. The decree, without the paragraph pertaining to the opening in defendants' dam and the establishment of headgates, is all that the petitioner, appellee, asked for. The trial court is, therefore, directed to modify its decree by the omission therefrom of the next to the last paragraph of said decree, pertaining to the construction of an opening or gate in defendants' dam, and the construction of a headgate by them in their ditch.

As thus modified, the decree of the trial court is affirmed.

*Modified and Affirmed.*