Morgan, J.
This appeal'is from a judgment in favor of plaintiff, Crawford, against defendant, Wells, in the lower court, in an action on a written contract, expressing an agreed compensation for a balance due for certain grading work. It also involves a cross-complaint for damages claimed by the defendant for completing the work that he claims should have been done under the contract; also a cross-complaint for the value of some livestock which the defendant claims were not returned to him by the plaintiff, and which the testimony shows the plaintiff had hired from him. Trial without a jury. Reversal asked for on five distinct propositions, following:
1. Appellant strenuously contends in this court that there is a variance between the pleadings and the proof; that the action is on a written contract for an agreed compensation, while the evidence discloses an abandonment of the contract, and an attempt to recover for the reasonable value of the services, or damages for a breach of the contract. It has been held in this state, upon a record that discloses prompt objection and resistance, that where a complaint states a cause of action upon an express contract, the complainant cannot be permitted, without amending the complaint, to recover upon a breach of the *105 contract, or upon the reasonable value of the services performed, on account of the material variance between the pleadings and the proof. Rockwell Stock Co. v. Castroni, 6 Colo. App., 528, 534. But in the case of Buckingham v. Harris, 10 Colo., 455, 461, following the ease of Sussdorff v. Schmidt, 55 N. Y., 320, under a complaint to recover upon an alleged agreed compensation for services, it is held that such variance between the pleadings and the proof should be disregarded, if it appear that the defendant was not misled thereby, and that substantial justice resulted. However, there is no substantial variance in this action on account of the reasons assigned by the appellant, although there is some reason to contend there is a variance because of some statements in the plaintiff’s evidence that show a possible disposition to prove an excuse for not fully performing the contract, which she alleges was fully completed. Omaha Consolidated Vinegar Co. v. Burns, 62 N. W., 301; Pomeroy’s Code Remedies (4th ed.), sec. 409. The appellant, however, never claimed a variance, so far as the record discloses, in the lower court, and, in fact, never objected to the introduction of any testimony at any time, never asked for a non-suit, never claimed in the motion for a new trial that there was a variance, but introduced testimony solely for the purpose of showing that the plaintiff never completed the contract, and this seems to have been the principal issue at the trial. So, if there is a variance at all, the defendant, who now appeals and complains of it, disregarded it himself in the lower court, and it ought to be disregarded on this appeal. King v. De Coursey, 8 Colo., 463; Merritt v. Hummer, 122 Pac., 816, 819. Furthermore, our supreme court has held that ‘ ‘ a variance that neither surprises nor harms a party is not necessarily fatal to the judgment.” Deland v. Grand Valley Irrig. Co., 28 Colo., 150. The defendant seems not to have been taken by surprise, as it appears from the record that the lower court *106 was not notified in any way that' any objection was made or would be made concerning tbe variance now complained of. It is true, tbe defendant, in bis motion for a new trial, among fourteen other grounds, states that tbe judgment ordered to be entered is not supported by tbe evidence, but tbis would not, in itself, be sufficient to call tbe court’s attention to tbe variance now complained of. Merritt v. Hummer, supra.
There is considerable conflict, also, in tbe testimony as to whether tbe contract was completed, and as tbe lower court must have found that it was completed, such finding would dispose of tbe variance complained of, and in accordance with tbis general rule and tbe reasons heretofore given, tbe judgment of tbe lower court will not be disturbed.
2. The appellant also contends, that because tbe plaintiff bad assigned to a third party an amount, to tbe extent of $3,700, out of tbe money that might become due on tbe work, she is not tbe real party in interest, and cannot sue in her own name. Tbis defense is stated in tbe answer in a correct way, and at tbe proper time, claiming that it is an assignment of all tbe money due on tbe contract. Tbe provision of our code that “every action shall be prosecuted in tbe name of tbe real party in interest, ’ ’ has been under consideration by tbis court and our supreme court in tbe following cases examined: Gomer v. Stockdale, 5 Colo. App., 489; Hall v. Allen, 46 Colo., 355; Hipp v. Spencer, 48 Colo., 433, and tbe weight of authority is in accordance with tbe opinion in Comer v. Stockdale just cited, especially as to tbe right of an assignee to sue in bis own name. The authorities are not so numerous nor so positive when it comes to tbe question of tbe right of tbe assignor to sue after an assignment has been made, of all- or a part of tbe claim sued upon. Tbe better rule is, as intimated in Hall v. Allen, supra, that if tbe assignor has not parted with tbe legal *107 title, or lias not assigned the entire claim, and disposed of all his rights in it by complete sale or otherwise, he can still maintain an action in his own name, leaving the assignee to assert his interest by intervention, and the defendant to plead a prior assignment if he has knowledge of it, for his own protection. .
The record, however, discloses that the assignee heretofore mentioned intervened in this action in the lower "court, and stated under oath that the “assignment was only intended as a partial assignment of the moneys due and to become due, ’ ’ and further states therein that while he “will be entitled to a portion of the judgment asked for in the plaintiff’s complaint, if received, he is not in any wise required by the terms of said contract to enter into litigation, and requests to be allowed to intervene in order that his rights may be protected,” and prays to be made a party plaintiff, and that the court may make a proper decree touching his rights. The entire matter of the assignment was therefore before the court, and the defendant was protected thereby from any other or further action against him on account of the claim sued upon.
3. In the answer of the defendant, the lower court was asked to reform the written contract sued upon so as to make the amount to be paid for certain overhaul read “one cent” per yard, instead of “one and one-half cents,” as it appeared in the written contract. The defendant claims that it was understood between the parties before the contract was written and signed that only one cent was to be paid for 'such work, and that the one and one-half cents was in the contract by mistake, while the plaintiff claims that there was no such understanding, but that it was plainly understood that she was to receive one and one-half cents for such work, and it was so intended to be in the contract. Under such conflict of testimony, the judgment of the lower court denying the reformation of the contract will not be disturbed, as there *108 is in the record not only a direct conflict in the testimony on this point, but the preponderance seems to be on the side of plaintiff. ‘ ‘ Courts of equity do not grant the high remedy of a reformation upon a probability, nor merely upon a mere preponderance of the evidence, but only on a certainty of the error.” 2 Pom. Eq. Jur., sec. 859; Wilson v. Morris, 4 Colo. App., 242, 245; Loukowski v. Pryor, 46 Colo., 584, 587.
4. The answer also contains a cross-complaint for damages claimed by the defendant on account of loss on his part, by reason of his being compelled to do certain work which he claims should have been done under the contract sued upon, and which the plaintiff left unfinished. He claims damages for profits which he lost by reason of plaintiff’s alleged failure to complete the work, and for loss that he sustained by having to do the work himself. Here again there is a serious conflict in the testimony, the plaintiff contending there was no work left incomplete and unfinished that was called for by the contract sued upon, the defendant contending that he was compelled to dig some ditches that were included in the contract and that were, not dug by the plaintiff as required by the contract. The lower court determined the matter when it denied the defendant any recovery on this cross-complaint, and whether such finding was based on the testimony, which was quite conflicting, or on the conclusion that the contract was substantially performed, makes no material difference, and the judgment in this regard will not be disturbed.
In this cross-complaint the defendant also claims damages on account of the loss of three head of stock,— one horse and two mules, — whieh'the plaintiff hired from the defendant with which to do the grading work. The cross-complaint states that the stock were loaned to plaintiff and lost on account of negligence in the care thereof *109 on her part while she had them in her possession. The evidence discloses that plaintiff hired the stock from the defendant, and does not disclose any attempt on the defendant’s part to prove negligence in the care of them, bnt discloses an attempt on his part to recover upon a specific contract, not mentioned in the cross-complaint, which he claims to have made with the plaintiff, through her husband, some time after the stock were originally hired, to the effect that, before he permitted the same to be taken from his camp, where they had been kept up to this time, and taken over to the plaintiff’s camp during the remainder of the work, the plaintiff guaranteed that all of the stock would be returned; and claiming that it was only upon such condition that defendant permitted the stock to go out of his possession and into the possession of the plaintiff. There was no evidence tending to prove that the stock were lost on account of any negligence in the care thereof as alleged in the cross-complaint. There seems to be no conflict as to the hiring of the stock. The plaintiff’s testimony disclosed that the stock were given ordinary care, and, under these conditions, the defendant would not be entitled to recover anything for the loss of the stock, and the subsequent arrangement as to the moving of the stock to plaintiff’s camp under the guaranty claimed, that they should all be returned to defendant, was without consideration, and did not change the original contract of hire, even if the lower court found there was such a guaranty.
5. Appellant further contends that the case should be reversed on account of the fact that interest was allowed the plaintiff in the lower court upon the balance found to be due upon the contract. While it is true that a recovery of interest in this state is only allowed by reason of our statute, sec. 3162, Rev. St. 1908, it has been held that this statute covers just such an instance as this. *110 Donley v. Bailey, 48 Colo., 373, 381; Idaho, etc., Co. v. Colo. Iron Works Co., 49 Colo., 66, 73.
For the foregoing reasons, the judgment of the lower court is affirmed.

Judgment Affirmed.