[No. 3813.]

MATHIESEN ET AL. V. NORTH POUDRE IRRIGATION COMPANY.

APPEAL AND ERROR—*Findings Upon Conflicting Evidence,* conclude the court of review. (191)

*Appeal from Larimer District Court.* HON. NEIL F. GRAHAM, Judge.

MR. FRANK J. ANNIS for appellants.

MR. R. W. FLEMMING and MR. J. F. FARRAR for appellee.

BELL, J.

The District Court of Larimer County, in the trial of this case, found that appellee is the owner of reservoir No. 14, known as Fossil Creek reservoir, and a certain large inlet ditch leading thereto from the Cache la Poudre river, and all appurtenances of said Fossil Creek reservoir; that appellee is the owner of the waters annually stored in said Fossil Creek

reservoir, and the water in said inlet ditch to said reservoir; that appellants are the owners of the south half of the southeast quarter of section ten and the northeast quarter of section fifteen, all in township six north, range sixty-eight west, sixth principal meridian, in said county; that there is a certain tile headgate located in said inlet ditch to Fossil Creek reservoir, near the premises hereinabove described, and a ditch leading therefrom to the premises above named, and that, during the years 1906 to 1910, both inclusive, appellants raised said headgate, and diverted from said Fossil Creek inlet ditch the waters of appellee flowing therein, and used the same for the irrigation of 30 acres of said lands; that appellants claimed the right to open said headgate and use appellee's water there through for said purposes, and that the value of the water diverted and used as aforesaid is $600.00; that appellants had no right or title to the water so diverted and used; and that all of their acts in the premises were wrongful and unlawful. Upon these findings, the court gave judgment in the sum of $600.00 and costs against appellants, and permanently enjoined them and their privies in estate and title from diverting the waters from said Fossil Creek inlet ditch and from said Fossil Creek reservoir.

Appellee formerly owned the lands described and conveyed the same by two separate deeds, under two separate contracts, the first of which specifically provided that no water should go with the land therein contracted to be conveyed, and the second provided for the conveyance of certain water rights, but the deed given thereunder made no mention of or reference to said rights. Both contracts and deed, among other exhibits, were received in evidence, and much conflicting testimony was given as to the intention of the parties concerning the water rights mentioned in the second contract. The findings of the trial court as hereinbefore set forth are based upon such conflicting evidence, and, under a well established rule of law, we are bound by its conclusions thus reached: *Farmers' Co. v. Brown*, 23 Colo. App. 570,

577, 131 Pac. 291; *Pagosa Springs v. People*, 23 Colo. App. 479, 510, 130 Pac. 618; *Wells v. Crawford*, 23 Colo. App. 103, 106, 127 Pac. 914; *Manzanarez v. Rominger*, 23 Colo. App. 76, 77, 127 Pac. 241; *Stevens et al. v. Adams*, 53 Colo. 511, 512, 127 Pac. 957.

Finding no reversible error in the record, the judgment is hereby affirmed.

*Affirmed.*

Decided March 9, A. D. 1914. Rehearing denied July 13, A. D. 1914.