BESSIE REINEKE and Theresa Reineke, Partners Doing Business as Bessie and Theresa Reineke, Respondents, v. COMMONWEALTH INSURANCE COMPANY OF NEW YORK, a Corporation, Appellant.

(202 N. W. 657.)

Insurance — fire insurance company must indicate particulars in which requirements of policy as to notice and preliminary proof of loss have not been complied with, mere notice that conditions must be strictly enforced not being sufficient.

1. A fire insurance company must indicate the particulars in which it claims the requirements of the policy have not been complied with, in regard to the notice and preliminary proof of loss, and mere notice that the conditions of the policy must be strictly performed, is not sufficient. Comp. Laws, 1913, § 6543.

Insurance — objection to specified defects in proof of loss constitutes waiver of all others not mentioned.

2. An objection to specified defects in the proof of loss constitutes a waiver of all others not mentioned.

Insurance — on denial of liability by insurer on sole ground that claim is excessive, all other objections to proof of loss are waived.

3. When the insurer denies liability under the policy on the sole ground that the claim is excessive, all other objections to the proof of loss are deemed waived.

Insurance — if only objection to proof of loss is that proof is not signed by insured, insurer waives requirement that proof must be sworn to by insured.

4. When the insured is a partnership and the proof of loss is signed by the partnership name, by an authorized agent who also verifies the proof of loss, the insured waives the requirement of the policy that the proof must be sworn to by the insured, when the only objection made is that the proof is not signed by the insured.

Action — on attempting partial assignment of cause of action without insurer's consent after suit was commenced, rule against splitting causes of action does not apply.

5. Where a partial assignment of the cause of action was attempted, without

Note.—(1) Necessity of stating specific objections to proof of loss, 14 R. C. L. 1353.

(2) Waiver of objections to defects in proof of loss, see 14 R. C. L. 1351.

(6) Necessity of request for instructions, see 14 R. C. L. 795; 3 R. C. L. Supp. 287; 4 R. C. L. Supp. 920; 5 R. C. L. Supp. 778.

the consent of the insurer, after suit was commenced and when the issues had been framed by the pleadings, the rule against splitting causes of action does not apply in view of § 7408, Comp. Laws, 1913.

**Appeal and error — unless non direction amounts to misdirection, omission to charge on every aspect of case, or state law on every theory for which foundation has been laid, must be brought to court's attention by request for instruction.**

6. It is the duty of counsel to aid the court in performing the function of charging the jury; if the charge given does not cover every aspect of the case, or state the law on every theory counsel has in mind, for which legal foundation has been laid, the omission must be brought to the attention of the trial court by an appropriate request for instructions; otherwise, on appeal, error can not be predicated of such omission, unless the nondirection amounts to misdirection.

**Insurance — withdrawing from jury defense of fraud set up by defendant, and supported by some evidence, held error.**

7. For reasons stated in the opinion, it was error to withdraw from the jury the issue of fraud.

Opinion filed December 31, 1924. Rehearing denied February 28, 1925.

Actions, 1 C. J. § 283 p. 1110 n. 89. Appeal and Error, 3 C. J. § 756 p. 850 n. 24, p. 854 n. 28. Assignments, 5 C. J. § 60 p. 894 n. 14. Fire Insurance, 26 C. J. § 490 p. 381 n. 69; § 513 p. 400 n. 2; § 514 p. 401 n. 11; § 522 p. 408 n. 75, p. 410 n. 79; § 791 p. 572 n. 54. Insurance, 33 C. J. § 651 p. 9 n. 19; § 653 p. 9 n. 49, p. 10 n. 54; § 686 p. 27 n. 55, p. 28 n. 60; § 687 p. 28 n. 66; § 688 p. 29 n. 71, 72; § 874 p. 141 n. 38.

Appeal from the District Court of Burleigh County, before *Coffey,* J. Reversed.

*Lawrence, Murphy & Nilles,* for appellant.

*Theo. Koffel,* for respondents.

JOHNSON, J. This is an appeal from the judgment of the District Court of Burleigh County, entered upon a verdict in favor of the plaintiffs.

In July, 1922, the plaintiffs, who were operating a confectionery store and a soft drink parlor in the City of Bismarck, purchased a standard fire insurance policy of $2000.00 from the defendant covering the personal property used in the business. On or about January 21,

1923, a fire occurred, with the result that damage was done to the property covered in the policy, both by the fire and by chemicals used in extinguishing the same. Negotiations were in due time commenced for the adjustment of the loss. The negotiations failed. Suit was accordingly brought to recover the face value of the policy, the loss claimed being about $3800.00.

Appellant groups the questions raised on this appeal as follows: Insufficiency of the proofs of loss; insufficiency of the evidence as to value and error in admitting testimony with respect to value, together with instructions to the jury upon that question; insufficiency of the evidence to establish compliance with the policy with respect to the ascertainment of the loss by appraisal, a partial assignment of the cause of action; that the evidence without dispute shows fraud and concealment on the part of the plaintiffs, preventing recovery; that certain instructions were erroneous; and other assignments of errors not covered by the foregoing six propositions.

The policy requires the insured to give notice of any loss in writing, to protect the property from further damage, to separate the damaged and undamaged property, to put it in the best possible order and prepare an inventory thereof, stating the quantity and cost of each article and the amount claimed thereon; the policy further provides that within sixty days after the loss, unless such time be extended, the insured shall render a statement to the company, "signed and sworn to by the said insured, stating the knowledge and belief of the insured as to the time and origin of the fire; the interest of the insured and of all others in the property; the cash value of each item thereof and the amount of loss thereon; all incumbrances thereon;  .  .  ." The policy provides that the company shall not be liable beyond the "actual cash value of the property" when the loss occurred; that the loss shall be estimated on the basis of such actual cash value, with deduction for depreciation, and the loss shall not exceed what it would cost the insured to repair or replace the same with material of like kind and cost; the ascertainment of the loss shall be made by the insured and the company, and in case of difference by disinterested appraisers. It is provided that the loss shall be payable sixty days after "due notice, ascertainment, estimate, and satisfactory proof of the loss have been received by this company in accordance with the terms of this policy." If the two appraisers

appointed by the parties to the contract fail to agree they shall submit the matter to the umpire selected by them, who must be "a competent and disinterested umpire." The award in writing of any two of the appraisers determines the amount of the loss. The policy contains the following provision: "No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements."

The company supplied the plaintiffs with blank forms on which to submit the proof of loss. On the 17th of March, 1923, proofs were submitted to the company, verified by one P. Donahue. The testimony shows that Donahue had been an employee of the plaintiffs from time to time as candy maker, although not regularly employed. On March 20, 1923, the defendant acknowledged receipt of the proof of loss and by letter advised the plaintiffs that it took "specific exceptions" thereto upon the following grounds: "The statement of stock on which claim is made is not made from bona fide books of record showing purchases and sales, nor is it based upon bona fide original inventories and invoices for goods purchased. Further, the amount of merchandise and the quantities and values stated are excessive and in no way correspond to the actual stock itself in evidence immediately after the fire; nor does the statement in any way conform to actual inventories taken subsequent to the fire, made by and with your assistance and under the direction of the state fire marshal and other and interested parties. Further, the document is signed by one P. Donahue, and there does not appear any proper interest or authority or any foundation laid for such signature." The letter concludes by saying that the document is incomplete and unsatisfactory and not in accordance with the terms of the policy and that it is held subject to the plaintiffs' orders. On the 26th of March, the proof of loss was, upon request, returned to plaintiffs.

When the proof of loss was offered in evidence, defendant objected upon the following grounds: first, that the document was not signed and sworn to by the insured, as required by the policy; second, that the proof of loss did not comply with the terms of the policy in this, that the articles damaged were not itemized or described and that the amount of loss and damage is not stated therein; third, the general

objection that it did not comply with the conditions of the policy. The court admitted the exhibit.

Without attempting to state the facts more fully, we shall consider the questions raised in the order stated by the appellant and reference will be made to the facts as necessary.

The proof of loss was signed "Bessie Reineke, and Theresa Reineke, the insured, by P. Donahue, Agent." The statement was verified by the agent. Attached to and made a part of the proof of loss was a schedule containing numerous items, with figures, representing the loss claimed, following each item in a column opposite. The blank on which the items appear is headed "Statement of Loss;" another portion of the same blank is headed "Schedule of Insurance and Claim" and columns thereunder are headed respectively "Amount of Policy" and "Total Claim;" under the former appears the figure $2000.00 and under the latter the figure $2000.00. Otherwise there are no specific items showing the cost or the replacement cost of any articles. It is contended by the defendant that this proof fails to comply with the requirements of the policy in this, that the quantity and cost of each article and the amount claimed thereon are not given in an inventory made by plaintiffs, or otherwise; that the cash value of each item and the amount of loss are not stated in the proof of loss. The policy requires the proof of loss to contain such a statement; the proof submitted is somewhat deficient in that respect. The testimony shows that an inventory was taken after the fire. That inventory is Plaintiffs' Exhibit 2. The testimony is to the effect that the figures following each item are the "prices." The testimony shows that the inventory attached to the proof of loss was made by Pat Donahue three or four days after the fire.

The rule is well settled that the insurance company must indicate the particulars in which it claims the requirements of the policy have not been complied with and that mere notice that the conditions of the policy must be strictly performed, such as was contained in defendant's letter dated March 13, 1923, is not sufficient. Section 6543, Comp. Laws 1913, reads as follows:

"All defects in a notice of loss or in preliminary proof thereof which the insured might remedy and which the insurer omits to specify to him without unnecessary delay as grounds of objection are waived."

An objection to certain defects in the proof of loss constitutes a

waiver of all others not mentioned.   33 C. J. 28; 26 C. J. 401; Cooley, Briefs on Ins. vol. 7, Supp. p. 1478.   The defendant, in its letter of March 20, took five specific exceptions to the proof of loss.   The first four relate to the accuracy and correctness of the inventories and statements, but do not in any manner indicate that there has been a failure to set out the actual "cash value of each item thereof and the amount of loss thereon."   In other words, the objections taken do not go to the form of the inventory, or the proof of loss, nor are they based upon the ground that the plaintiffs failed to set out the items and the values, but rather that the statement of values and items is exaggerated.   The exceptions made in no manner indicate to the insured that the defendant claimed noncompliance with conditions of the policy, except that the statement of loss was excessive, inaccurate and not based upon reliable data.   The defendant merely raised an issue as to the amount of the loss, challenging the plaintiffs' claim in that regard.   It is plain from the exceptions that the information furnished the defendant was otherwise deemed sufficient by it and a complete justification for its assertion that the amount of the claim was excessive.   The defendant, by undertaking to point out specific exceptions to the proof of loss, has waived other objections not mentioned and the exceptions expressly made are not founded upon a claim that the plaintiffs failed to perform conditions precedent under the policy.   The denial of liability being on the ground that the claim is excessive, all other objections to the proof of loss are deemed waived.   26 C. J. 408, 410, note 79.   This conclusion follows from the provisions of section 6543, supra.   The testimony shows that an inventory had been taken a short time before the fire, but that it was destroyed; that an inventory was taken two or three days after the fire, which was offered and received in evidence; and that the goods were kept in the store after the fire until it appeared that no settlement could be made with defendant, when they were hauled to the junk pile.   The claim of loss evidently was based upon such inventories as were available and the witnesses testified to the best of their recollection as to the inventories made prior to the fire.   This testimony concerning the amount of loss, or the damage, was submitted to and considered by the jury and the verdict is conclusive on that point.   The aggregate of the items of loss, as given in the testimony of the partners,

is about $3400.00. The jury found that there was damage in the sum of $1400.00.

A more serious question arises in view of the fact that the inventory was verified by a person other than the insured. Defendant contends that the plaintiffs can not recover because the proof of loss was signed and verified by one Donahue and not by the insured. The policy clearly requires the proof of loss to be made by the insured and sworn to by him. The general rule undoubtedly is, subject to certain exceptions, hereafter to be noted, that proof of loss, under a policy like the one in suit, should be furnished and verified by the insured. The contract is made with him and when the policy stipulates that the proof of loss shall be made by the insured the insurer ordinarily has the right to insist that the oath which the obligation of the contract requires the insured to take shall be made by him personally. McGraw v. Germania F. Ins. Co. 54 Mich. 145, 19 N. W. 927; 5 Joyce, Ins. pp. 5509, 5510; Cooley, Briefs on Ins. vol. 4, p. 3374, vol. 7, Supp. p. 1412; 33 C. J. 9. It has been held, however, that proofs of loss, under a policy stipulating that the same shall be signed and verified by the insured, may, in some circumstances, be made by another. If the insured be absent and unable to make such proofs in person, or if he be insane, or critically ill, or if the facts be better known to the agent than to himself, the agent having procured the insurance and having charge of the property, the proofs may be made by such agent. 35 C. J. 9, 10. The record discloses that Donahue, who signed and verified the proof of loss, had been employed at irregular intervals by the plaintiffs during all of the time that they had been in business. Donahue did not testify. It further appears, in the letter with which the proof of loss was transmitted to the defendant, that the proof of loss was made by Donahue because he was "better acquainted with the prices and amounts than we are ourselves." No other explanation is given of the failure of the plaintiffs to verify personally the proof of loss.

The proof of loss was not signed by Donahue, but by the partnership. The defendant did not object to the proof because it was *verified* by Donahue. A partnership ordinarily acts through the agency of some individual. The firm name may be signed by a member of the firm or by an authorized agent not a member thereof, and in either case the signature is that of the partnership. That is the situation in the rec-

ord. The proof of loss was signed by the partnership name by a duly authorized agent. Of this no complaint can be made by the insurer. Of the fact that the proof of loss is not verified by one of the partners complaint could be made under the policy, but no such complaint is made in the record, except in the objection of counsel. The reason of the rule that requires specific objections to defects in the proof of loss is that the insured may have an opportunity to correct them. Had objection been made on this specific ground, in all probability the oath would have been made by one of the partners. The court, however, rightly overruled the objection on that ground for the reason that the defendant did not take exception to the proof of loss because verified by a person not authorized under the terms of the policy. Moreover, the plaintiffs claim that the record sufficiently shows that the agent who verified the proof of loss had better information as to the values and the prices than the insured, and was, therefore, a proper person to make the affidavit. In view of the fact that the defendant did not expressly object because the verification was made by Donahue instead of the insured, we find it unnecessary to decide whether a sufficient foundation was laid for the verification by an agent of the plaintiffs.

It is next contended by defendant that the evidence shows that the plaintiffs wholly failed to comply with the terms of the policy providing for appraisal in case of disagreement as to the amount of damages. The facts are as follows: The fire occurred on or about January 21, 1923. On February 3, the plaintiffs wrote the defendant, suggesting arbitration and nominating one P. Donahue as an appraiser. The proof of loss was not submitted until March 17, following. Appellant contends that the appointment of the appraiser and the suggestion for arbitration were premature and, the same not having been renewed later, there was no compliance with the policy in this respect. On or about the 25th of January, 1923, an adjuster visited the plaintiffs' place of business; on January 30, following, another adjuster visited the plaintiffs' place of business and an inventory was made, according to which the damage amounted to less than $400.00. The testimony shows that prior to February 3, the date on which the plaintiffs proposed arbitration and designated an appraiser, there was, in fact, a disagreement between the parties as to the amount of loss for which defendant was liable under its policy. Defendant at no time suggested

appraisal or arbitration or that the designation was premature. Without further discussion, we are clearly of the opinion that the plaintiffs sufficiently complied with the terms of the policy and showed a readiness and disposition to submit the matter in disagreement to the judgment of appraisers. The appointment of Donahue was never revoked, nor was any objection ever made to him until the time of the trial, when counsel made suggestions, as he also does in the brief, that this appraiser was disqualified by reason of bias or interest. That suggestion comes too late.

It is urged that the plaintiffs made a partial assignment of their cause of action, to the amount of $41.00, without the consent of the defendant, and that the assignee is not a party to this suit. The partial assignment is not alleged or referred to in the answer, nor does it appear in the plaintiffs' complaint; the written assignment was offered in evidence as defendant's Exhibit I, and notice thereof had been given to the defendant in December, 1923. The complaint was served on October 22, and the answer is dated November 10, 1923. The defendant did not attempt to amend its answer or offer to file a supplemental answer showing the partial assignment. When defendant offered Exhibit I in evidence, plaintiffs made no objection thereto. The court ignored the partial assignment and it does not appear that the matter was in any way called to the attention of the trial court by request for instructions or otherwise, except in the motion made, after both sides rested, for a directed verdict and for a dismissal, on that ground. The objection is thus stated in the motion for a directed verdict and to dismiss: "That the evidence shows an assignment of a part of the plaintiffs' cause of action to the Chaney Everhart Candy Company and that the said assignee is not a party to this action." The trial court told the jury that it should find a verdict for the plaintiff in such sum as was equivalent to the actual value of the property insured at the time of the fire, with interest from that date.

There is no merit in this contention. The rule invoked by the defendant against splitting causes of action has no application to the facts in the record. The partial assignment in this case was not attempted until *after* the action had been commenced. The debt could not thus be split against the consent of the insurer. The company had the undoubted right to pay the debt as a whole and to refuse to expose itself to

claims from any other source than the plaintiffs. It could at any time have discharged the entire indebtedness by paying the claim to the plaintiffs, without regard to the partial assignment. 5 C. J. 894. Section 7408, Comp. Laws 1913, so far as material, reads as follows:

"No action shall abate . . . by the transfer of any interest therein, if the cause of action survives or continues. . . . In case of any other transfer of interest the action shall be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action."

Chickasaw Co. v. Pitcher, 36 Iowa, 593, 596; and see Fairall's Code of Civ. Proc. Ann. (Cal.) § 385; 7408, Comp. Laws, 1913; National Bank v. Hapgood, 9 Utah, 85, 33 Pac. 241; Comp. Laws, 1913, § 7396; Thiel v. John Week Lumber Co. 137 Wis. 272, 129 Am. St. Rep. 1064, 118 N. W. 802; Wells v. Crawford, 23 Colo. App. 103, 127 Pac. 916. The rule in California is that, in somewhat similar circumstances, the objection of the defendant is not based on the fact of the assignment of a part and the bringing of the action on less than the whole amount of the claim, "but that a second action is brought to recover the balance." Martin v. Howe, 190 Cal. 187, 211 Pac. 456. The court did not err in refusing to dismiss the action because of this attempted partial assignment of the claim after suit had been commenced.

It is next urged that the undisputed evidence discloses such fraud on the part of the plaintiffs as will forfeit the policy and prevent recovery thereunder. The policy provides that it "shall be void if the insured has concealed or misrepresented in writing or otherwise any material facts or circumstances concerning this insurance or the subject thereof; or if the interest of the insured in the property be not truly stated herein; or in the case of any fraud or false swearing by the insured, touching any matter relating to this insurance or the subject thereof, *whether before or after a loss.*" The defendant insists that the proof of loss was largely false and incorrectly described the property and the damage sustained. It is claimed that the witness Menefee, who assisted one Gearey to prepare an inventory shortly after the fire, intentionally deceived Gearey by incorrectly and inaccurately enumerating articles in the building to be set down in the inventory being prepared by Gearey. Menefee admits that he did not give a correct inventory at the time. Menefee also practically admits that he did this for the pur-

pose of deceiving Gearey. The testimony further shows that Gearey requested Menefee to assist him in taking the inventory.

It is also said that the court erroneously withdrew from the jury all questions of fraud, as to the proof of loss, the waiver of requirements as to the proof, and the question of the waiver of appraisement as provided in the policy. The only question submitted to the jury was in effect the amount of the loss. The court said, after stating that certain questions were questions of law and others were questions of fact: "I submit to you the question of fact which is raised in this case upon the allegations of the complaint that certain property covered by this policy was destroyed and that the value of the same was $3855.11, and that the loss sustained by this plaintiff was in that amount." The defendant particularly complains that the court erroneously withdrew from the consideration of the jury all questions of fraud pertaining to the claim of damages, the making of the inventory and the like, and that a verdict was in effect directed against the defendant.

Defendant did not request the court to instruct upon the question of fraud or in any manner call the omission in that regard to the attention of the trial court. It is settled by the overwhelming weight of judicial authority that it is the duty of counsel to aid the court in performing the function of charging the jury; that if the charge as given by the court do not cover every aspect of the case, or state the law upon every theory counsel has in mind, the omission must be brought to the attention of the trial court by an appropriate request for instructions; and that on appeal error cannot be predicated of such omission in the absence of appropriate requests for instruction which have been improperly refused. 14 R. C. L. 795; see also McGregor v. Great Northern R. Co. 31 N. D. 471, 154 N. W. 261, Ann. Cas. 1917E, 141; Landis v. Fyles, 18 N. D. 587, 120 N. W. 566. This rule has been applied in criminal cases; State v. Glass, 29 N. D. 620, 151 N. W. 229; and in civil cases in the federal courts; Pennock v. Dialogue, 2 Pet. 1, 7 L. ed. 327; Mutual L. Ins. Co. v. Snyder, 93 U. S. 393, 23 L. ed. 887. See also 3 C. J. 850 ff. unless such nondirection amounts to misdirection. Huber v. Zeiszler, 37 N. D. 556, 164 N. W. 131.

The following is the concluding paragraph of the court's instructions:

"In this action, Members of the Jury, you should find a verdict for

the plaintiff in such sum as you find was the actual value of the property insured at the time of this fire on the 22nd day of January, 1923 and interest upon such sum as you find from the 22nd day of January 1923 to date."

Defendant contends that there is here presented something more than a mere *failure* to instruct upon issues raised in the pleadings and at the trial; that the court erroneously *withdrew* from the consideration of the jury all questions of fraud, waiver and failure to perform policy conditions generally, thereby expressly limiting the issues submitted to the single question of the amount of the damages sustained. We think defendant's point is well taken. Fraud, waiver and failure to perform policy conditions were interposed in defense of plaintiff's claim. There was some evidence which tended to show fraud. The instruction challenged erroneously withdrew from the jury every issue of fact except that of the value of the property.

Other errors are assigned, but inasmuch as they are not likely to arise on a new trial, we deem it unnecessary to discuss them.

The judgment is reversed and new trial ordered.

BRONSON, Ch. J., and NUESSLE, CHRISTIANSON, and BIRDZELL, JJ., concur.