Nick D. DERESCHUK, Appellant,

v.

Charles B. KNUDSEN, Individually, and d. b. a. Knudsen Realty Company, Respondent,

Virgil Doerfler, Respondent,

Al Sieben, Respondent,

First Merchants State Bank of St. Paul, Respondent.

No. 48563.

Supreme Court of Minnesota.

June 15, 1979.

Ronald O. W. Ylitalo, St. Paul, for appellant.

Franke, Riach & Franke and Ronald J. Riach, St. Paul, for Knudsen et al.

John E. Daubney, St. Paul, for Doerfler.

David E. Tanner, Hastings, for Sieben.

Newcome, Wallace & Newcome and Jack C. Wallace, St. Paul, for First Merchants State Bank of St. Paul.

Heard by SHERAN, C. J., PETERSON and YETKA, JJ., and considered and decided by the court en banc.

SHERAN, Chief Justice.

This is an appeal from the trial court's order of December 14, 1977, which in part dismissed Dereschuk's cause of action and in part granted judgment on the pleadings in favor of defendants in Dereschuk's suit for conversion and breach of two separate agreements by defendants. We remand for further proceedings.

In 1971, Dereschuk and Virgil Doerfler purchased a 67-acre tract of land in Dakota County subject to a $55,000 mortgage held by the First Merchants State Bank of St. Paul. After some initial development work and a couple of lot sales, Charles Knudsen, a real estate broker, joined the venture to oversee home construction and sell the houses and lots. On January 20, 1972, the three men signed an agreement which reduced to writing their former oral arrangement. This agreement provided for the three-way division of profits upon the sale of a lot, after 90% of the land value had been paid on the mortgage and 6% of the total sale price had gone to Knudsen as a sales commission. Two of the three associates, however, retained the right to decide to apply any profits as prepayments on the mortgage.

Prior to the signing of this agreement, the property had been held jointly by Dereschuk and Doerfler. Sometime after January 20, 1972, and pursuant to the agreement, Dereschuk by quit claim deed transferred his interest in the property to Doerfler. The parties agree that this was done as a matter of convenience only, since Dereschuk was involved in a divorce action at the time.

Dereschuk also had borrowed $15,826 from the First Merchants State Bank on a note in an unrelated matter. Under pressure from the bank, on May 5, 1972, he assigned his interest in the real estate development agreement to the bank as security on the note. This assignment provides that the bank will release the assignment once the note is paid off with interest.

During the time these agreements were signed, Dereschuk was apparently not involved actively in the project due to long periods of hospitalization. He claims he was refused all records for five years thereafter. Doerfler and Knudsen eventually sold out to defendant Sieben. The project has since been brought nearly to completion, with some 50 houses built. The assignment has not been released by the bank, and the money received by the bank has been applied to the mortgage, with none having been applied to Dereschuk's note.

On August 28, 1975, Dereschuk sued Doerfler, Knudsen, Sieben and the bank for his share of the profits. Prior to trial, on December 12, 1977, the trial court held an in camera hearing on the sole issue of whether the project had made any profits prior to May 5, 1972, stating that, because of the unreleased assignment, Dereschuk had no interest in the project after that date. If there was no evidence of profits

before that date, there would be no question for the jury. The trial court found as a matter of law no profits had been made before May 5, 1972. On that ground, he ordered Dereschuk's case dismissed as to profits before May 5, 1972. On the basis of the assignment, the trial court ordered judgment on the pleadings for defendants as to profits after May 5, 1972. Dereschuk appeals from both parts of this order.

Our examination of the record reveals that the trial court proceeded on the assumption that the assignment to the bank vacated Dereschuk's interest in the partnership or joint venture, leaving him no ground on which to sue. Though this precise question has apparently not been considered previously by this court, there is no doubt, based upon the decisions of other jurisdictions and their analysis by commentators, as well as the logic of the situation, that it does not have this effect. The assignment specifically provides that it will be released after the $15,826 due on the note has been paid off, thereby confirming its status as collateral. Dereschuk's interest in the real estate venture is potentially greater than that amount, and he is entitled to protect that interest. Corbin states:

> "The assignor in [cases where the assignment is for collection only or is given as a mere collateral security] is certainly a party in interest, although not the sole one; he has an existing right against the obligor, as well as against the assignee, and he should be given an appropriate remedy consistent with the rights of the other interested parties." § 891, Vol. 4, p. 582.

See also, *Wells v. Crawford*, 23 Colo.App. 103, 127 P. 914 (1912); *Webb v. Casassa*, 82 Cal.App. 307, 255 P. 541 (1927); *Butler v. Gage*, 14 Colo. 125, 23 P. 462 (1889); *Tioga County General Hospital v. Tidd*, 298 N.Y.S. 460, 164 Misc. 273 (1937); *Grubaugh v. Murphy Co.*, 209 Mich. 551, 177 N.W. 217 (1920); *Harambee Enterprises, Inc. v. State Board of Agriculture*, 511 P.2d 503 (Colo.App. 1973).

Assuming the trial court was incorrect in his view of Dereschuk's interest in the

project after May 5, 1972, there remains an uncertainty whether Dereschuk can show evidence of profits even if given the opportunity. At the hearing before this court, counsel was unable to satisfy us that evidence of such profits actually exists, and we are unwilling to see this matter take up the time and energy of a jury absent such satisfaction. Therefore, the judgment entered in favor of respondents by the trial court is not reversed. Rather, Dereschuk is hereby given leave to file with the trial court a motion to vacate the judgment which shall be granted upon a showing of evidence of profits generated by the project sufficient to go to a jury.

Remanded.