In re MED GENERAL, INC., a
Minnesota corporation, Debtor.

AMERICAN NATIONAL BANK AND
TRUST COMPANY, a national banking
association, and Med General, Inc., a
Minnesota corporation, Plaintiffs,

v.

MEDIPLEX, INCORPORATED, an Ohio
corporation, Defendant.

Bankruptcy No. 4–80–584(O).
Adv. No. 4–80–240(O).

United States Bankruptcy Court,
D. Minnesota.

March 25, 1981.

Charles S. Zimmerman of Stacker, Ravich & Simon, Minneapolis, Minn., for plaintiffs.

Nelson E. Genshaft of Schwartz, Shapiro, Kelm & Warren, Columbus, Ohio and Edward W. Bergquist, Minneapolis, Minn., for defendant.

## MEMORANDUM ORDER

KENNETH G. OWENS, Bankruptcy Judge.

Med General, Inc., debtor in Chapter 11 in this Court, and American National Bank and Trust Company, secured in the debtor's receivables, jointly commenced this action against Mediplex, Incorporated, an Ohio corporation, seeking to recover an account receivable alleged to be in the sum of $110,-493.96 arising out of the sale of goods by debtor to defendant.

The matters now for decision are presented by the defendant's motions (1) to dismiss or abstain from hearing the proceeding on the claimed ground of lack of due process, (2) for change of venue to the Bankruptcy Court local to the defendant's place of business, and (3) for a protective order to prohibit plaintiffs from deposing the defendant, in the person of its knowledgeable corporate officer as now scheduled, at any place other than in Ohio.

The motions were argued on January 30, 1981, and submitted with appropriate memoranda submitted as to each.

## MOTION TO ABSTAIN OR DISMISS

■ The defendant suggests initially that an admitted agreement between plaintiff Bank and the plaintiff Debtor to share in the collection of debtor's receivables in the ratio of 75 to 25 percent as now incorporated in the debtor's confirmed plan of reorganization, constitutes an improper imposition on the Court in that absent such agreement the Bank alone is a secured party in the receivables, there being no excess security is the real party in interest, and the only party in interest. The matter is one for determination under local law, see 3A, Moore's Federal Practice, Second Edition, Section 17.07, and see *Dubuque Stone Products v. Gray Company*, (C.A. 8th 1966) 356 F.2d 718. Under Minnesota law both the

debtor and its partial assignee are real parties in interest. *Dereschuk v. Knudsen*, (S.Ct.Minn.1979) 280 N.W.2d 42. The joinder itself is not directly questioned. This Court by rule has indicated its intention generally to abstain from entertaining collection suits against non-resident defendants except where the amount in controversy is $10,000.00 or more. The present action is not within the compass of that rule and I conclude there are no sufficient grounds for abstention otherwise.

■ The defendant urges an alternative ground for abstention, or more properly for dismissal, by urging the defendant has insufficient contact with the district in which this Bankruptcy Court sits as would justify the Court's exercise of personal jurisdiction over it within due process requirements of the Fifth Amendment relying on *International Shoe Company v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). It urges that the "minimum contact" test announced in *International Shoe* and exemplified in its progeny dealing with inhibitions on State Court jurisdiction are applicable here by analogizing this Court to a local state court. This Court does not consider such case law applicable for the reasons to be indicated.

■ Any court must act with caution in dealing with any claim of unconstitutionality as here by claimed situs test violation of the Fifth Amendment, the caution being expressed as a presumption in favor of constitutionality, unless demonstrated otherwise. Accordingly, the claim should be precisely stated and dealt with precisely. The court is not free to roam beyond the precise issue or to deal with penumbral or separate and unexpressed claims of lack of constitutionality.

■ A basic rule, although subject to many exceptions, is that a truly transitory action may be sued in any jurisdiction where the defendant is properly subject to process.

■ The claimed lack of due process in the situation where a State seeks to subject a foreign corporation to suit in its own

court, absent any local contacts or presence and usually by an extended process, or where diversity exists by suit in the U. S. District Court within the State, is premised upon a concept of lack of extra-territorial jurisdiction, the term jurisdiction being used in the sense of power to act. Thus, the doctrines developed in the cases following *International Shoe* "are a consequence of territorial limitations on the power of the respective states". *Hanson v. Denckla,* (1958) 357 U.S. 235, 251, 78 S.Ct. 1228, 1238, 2 L.Ed.2d 1283.

█ Bearing in mind the concept of territorial limitation it is appropriate to observe as stated in *McGee v. International Life Insurance Co.,* (1957) 355 U.S. 220, 224, 78 S.Ct. 199, 201, 2 L.Ed.2d 223, that the inconvenience of being sued elsewhere is "nothing which amounts to denial of due process". Hence the basis of the constitutional attack as framed by the defendant is not applicable to the present case and proceeding.

To the extent that jurisdiction, in the sense of authority to act, may be distinguished from mere venue, the proper place for exercise of judicial power, there is an apt statement by Justice Frankfurter in *Neirbo Co. v. Bethlehem Ship Building Corp.,* (1939) 308 U.S. 165, 167, 60 S.Ct. 153, 154, 84 L.Ed. 167:

> "The jurisdiction of the federal courts— their power to adjudicate—is a grant of authority to them by Congress and thus beyond the scope of litigants to confer. But the locality of a lawsuit—the place where judicial authority may be exercised—though determined by legislation relates to the convenience of litigants and as such is subject to their disposition."

The jurisdiction of the Bankruptcy Court under the Bankruptcy Code is defined in 28 U.S.C. Section 1471 and with respect to all civil proceedings other than "cases" under Title 11, the section in pertinent part provides:

> " '(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.
>
> " '(c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts."

█ The present proceeding arises under Title 11 and relates to a reorganization case now pending here and is presumptively correctly venued in this Court for 28 U.S.C. Section 1473, (the exceptions not being applicable) provides:

> " '(a) except as provided in subsections (b) and (d) of this section, a proceeding arising in or related to a case under title 11 may be commenced in the bankruptcy court in which such case is pending."

The plain language of the mentioned sections give no indication of any limitation upon this Court's jurisdiction and power to act in this matter. On the contrary, both the language and its history which are well convassed in the opinion of Bankruptcy Judge Leffler, in *In re G. Weeks Securities, Inc,* Bkrtcy., W.D.Tenn., 5 B.R. 220, demonstrate an interest and intent to make such jurisdiction and power to act expansive as appropriate to a court of the United States acting within its jurisdiction.

Having in mind Justice Frankfurter's definition, the "jurisdiction" of the court is a given, for Congress has conferred it and as to venue afforded alternatives. See 28 U.S.C. Section 1473(a) and 1473(d). It has, of course, tempered those alternatives with the possibility of transfer as provided in Section 1475:

> " 'A bankruptcy court may transfer a case under title 11 or a proceeding arising under or related to such a case to a bankruptcy court for another district, in the interest of justice and for the convenience of the parties."

I conclude the statutory provisions are complete within the framework of a national legislative scheme for a national court and preclude applicability of the offered

case law relating to amenability of non-resident corporations to the exercise of a purely local jurisdiction.

The defendant has been reached by process of this Court pursuant to Bankruptcy Rule 704(c)(3) and 704(f), the efficacy of which is not challenged here. Accordingly, the case is not to be dismissed.

## MOTION TO TRANSFER (CHANGE OF VENUE)

A change of venue is warranted under the quoted section if "in the interest of justice and for the convenience of the parties". Section 1475 is a restatement for the Bankruptcy Court of the provision for change of venue applicable to proceedings in the United States District Court. See 28 U.S.C. Section 1404. Here, as there, the determination whether the proceeding qualifies for transfer lies within the sound discretion of the court. *Wooldridge v. Beech Aircraft Corporation,* (8th Cir. 1979) 479 F.Supp. 1041.

Each proceeding merits its own evaluation and among the numerous factors properly considered are (1) the plaintiff's choice of forum, see *Wooldridge,* supra, (2) the matter of economy to the debtor, having in mind the availability of records and witnesses relevant to the subject account and (3) the matter of expense to the defendant in the bringing of witnesses and documents to this jurisdiction, as tempered by the appropriate use of deposed testimony and other devices.

No purpose would be served by recital of the facts and contentions found in the affidavits. I am not convinced that the worse case scenario will result or that the situation as a whole is such as to justify avoidance of the plaintiff's choice of forum. However, this does not mean that defendant is not entitled to some buffering of the consequences of being at a distance from this Court. There are other and apparently adequate protective devices which will be available in the event of possible oppression resulting therefrom.

## MOTION FOR PROTECTIVE ORDER

The denial of abstention or dismissal as well as of change of venue leaves alive the defendant's motion for protective order to prohibit the taking of its deposition in the person of its knowledgeable officer at any place other than in Ohio. Bankruptcy Rule 726 makes Rule 26 of the Federal Rules of Civil Procedure applicable to bankruptcy proceedings. Subject to the appearance of good cause, the Court may make any order required in justice to protect from oppression or undue burden or expense as may be appropriate in the exercise by the court of its sound discretion. Each case must be viewed in the light of its peculiar setting and any attempt to rely on particularized catch words or over emphasized considerations referred to in the case law is of little value.

The Court does not believe that the compelled attendance of defendant's corporate officer at Minneapolis for deposition is in itself a sufficiently demonstrated hardship or sufficient cause for the Court to intervene. However, to the extent it may constitute a discovery of records and documents and contemplate or require unduly burdensome transportation of records from defendant's offices in Ohio and immediate availability here protection may well be justified, and to the extent justified will be afforded.

Accordingly, the Court will not at present interfere with the projected place of deposition, provided related production is sought only of clearly defined and relevant-to-trial matters. If a combination of deposed testimony and extensive production of Ohio based records is required then the combination of deposition and production should be accomplished in Ohio. Except as cautioned, the deposition may proceed and the motion for protective order should be denied.

### ACCORDINGLY, IT IS ORDERED:

1. The defendant's motion to dismiss or abstain is hereby denied.

2. The defendant's motion for change of venue is hereby denied.

3. The defendant's motion for protective order is, with the caution above indicated, denied.