**In re Keith AKINS, d/b/a Akins Keyboard Sales, Debtor.**

**FOURSQUARE PROPERTIES, JOINT VENTURE I, Plaintiff**

v.

**AKINS KEYBOARD SALES, INC., Defendant.**

**Bankruptcy No. 84–00198.**
**Adv. No. 85–0351.**

United States Bankruptcy Court,
W.D. Michigan, N.D.
United States Bankruptcy Court,
E.D. Wisconsin.

Nov. 1, 1985.

Ralph J. Tease, Jr., Green Bay, Wis., for plaintiff.

Thomas A. Ladd, Menominee, Mich., for defendant.

## DECISION

DALE E. IHLENFELDT, Bankruptcy Judge.

On August 26, 1985, the debtor, Keith Akins d/b/a Akins Keyboard Sales, filed an application for removal to this court of an action filed in the Circuit Court for Marinette County, Wisconsin. The circuit court action was brought by Foursquare Properties, Joint Venture I, a partnership, (Foursquare) against Akins Keyboard Sales, Inc., a Michigan corporation, to recover unpaid rents under a lease between Foursquare and Keith Akins. Keith Akins, the debtor, had assigned the lease to Akins Keyboard Sales, Inc. the defendant in the removed case. The stock in that corporation is owned by Keith Akins and his spouse.

Foursquare has moved to remand claiming that (1) Keith Akins, the applicant for removal, is not a party to the removed action; (2) removal would unnecessarily deplete assets of the bankruptcy estate in a chapter 11 case filed by Keith Akins and currently pending in the U.S. Bankruptcy Court for the Western District of Michigan, Northern Division (Case No. 84–00198); and (3) this court is without jurisdiction because no bankruptcy petition was filed here. Akins in turn has now moved to transfer venue in this case to the Western District of Michigan, Northern Division.

The case before this court is a related case under 28 U.S.C. § 1334(b), so that this court has jurisdiction, *Zweygardt v. Colorado Nat'l Bk.*, 52 B.R. 229, 13 BCD 459 (Bankr.D.CO 1985), and its removal by a non-party, the debtor in the Michigan bankruptcy, is not improper. *In re Wesco Products Co.*, 19 BR 908 (Bankr.N.D. IL ED 1982). In any event, during the telephone hearing on the pending motions, held on October 18, 1985, Akins' counsel asserted that he had authority to act on behalf of the corporation, and orally moved to amend the application for removal so as to substitute Akins Keyboard Sales, Inc. in place of the original applicant, Keith Akins.

The debtor had operated a retail music store in a shopping center in Marinette, Wisconsin. At the October 18, 1985 telephonic hearing, the court was advised that the debtor is no longer in business, and that the only asset of any consequence is an adversary proceeding presently pending in the bankruptcy court for the Western District of Michigan, wherein the debtor has sued Foursquare for damages and punitive damages. That proceeding involves the same lease which is the subject of this action, the debtor having charged Foursquare with unreasonable refusal to consent to a sub-lease agreement, and various other actions in breach of the lease agreement.

 Section 1412 of Title 28 U.S.C. permits the transfer of a proceeding under title 11 to a district court for another district "in the interest of justice or for the convenience of the parties." The decision on whether or not to transfer is within the sound discretion of the court, *In re Med General, Inc.*, 17 B.R. 15 (Bankr.D.Minn. 1981). It seems clear that the two actions should be consolidated for trial, and that failure to do this will result in needless expense for both parties. Accordingly, the court will order a transfer of venue in this case to the Western District of Michigan. *In re Cole Associates, Inc.*, 7 B.R. 154, 6 BCD 565 (Bankr.D.Utah 1980).

There is no ongoing business in this chapter 11 case, and it may be that the bankruptcy court ought to abstain from hearing this lawsuit, and that the parties ought to litigate the issues in a state court action. That is a decision to be made by the court in which the chapter 11 case is pending. The lawsuit pending in that court represents the only real asset in the bankruptcy estate. Speed is essential in bankruptcy cases, and it is often vital that parties in urgent need of its services have immediate access to the bankruptcy court. Bankruptcy courts ought not to allow themselves to become congested with civil actions of this kind with the result that other parties urgently in need of a hearing are delayed or turned away.[1]

It will be a rare case where the bankruptcy court does not have substantive jurisdiction under 28 U.S.C. § 1334(b), since almost any dispute having an effect on the bankruptcy estate is likely to be a related case and Bankruptcy Rule 7004(d) provides for nationwide service of process. Having provided the bankruptcy courts with this enormous jurisdiction, Congress has also provided the means to control it by virtue of the doctrine of abstention. Section 1334(c)(1) of the Bankruptcy Code permits a court to abstain from hearing a proceeding "in the interest of justice," and this includes an interest in the efficient, fair distribution of judicial resources. 59 Texas Law Review 325 (1981).

 Whether or not it should abstain in this case is a question that the bankruptcy court in the Western District of Michigan ought to consider. *Zweygardt v. Colorado Nat'l Bank, supra.*

1. On November 1, 1985, the same day this decision was filed, this court held a one hour hearing, by way of a conference phone call, on a chapter 11 debtor's oral motion seeking the use of some $40,000 of cash collateral. Represented at the hearing, which was held forthwith upon receipt of the debtor's phone call and without advance notice or warning of any kind, were the debtor, a bank, and the Internal Revenue Service. The money was needed by the debtor—a bus line operating in Wisconsin and Upper Michigan—to pay insurance premiums, and without insurance, the debtor would be compelled to cease operations.

A few weeks ago, on three or four days notice, this court held an all day evidentiary hearing on the use of cash collateral, the result of which would determine whether or not a plating company, with 35 to 40 employees, would be able to continue in operation.

Much of the court's calendar is comprised of just such disputes, all in need of a prompt hearing. Most of the cases are distinguished from the above examples only in the fact that the court is provided with enough latitude to schedule them a week or two in advance.