## KING v. DE COURSEY.

A party cannot for the first time raise the question in this court of variance between the pleadings and the proofs, and which he might have raised in the lower court.

*Appeal from County Court of El Paso County.*

THE facts are stated in the opinion.

Mr. J. L. WILLIAMS, for appellant.

Mr. JOHN CAMPBELL, for appellee.

BECK, C. J.   The errors assigned in this case are as follows:

"(1) The court erred in ordering judgment to be entered and rendering judgment against said defendant, Edward J. King, and in favor of said plaintiff, for the sum of $250 damages. (2) The court erred in render-

ing judgment for said or any sum in favor of said plaintiff and against said defendant. (3) The judgment is contrary to the law and testimony in said cause. (4) The judgment should have been for defendant and against said plaintiff."

The point relied upon for a reversal is that there was a variance between the complaint and the evidence, and that the evidence did not support the complaint; that the proof offered tended to show a special contract placing property for sale on commission in the hands of De Coursey, the plaintiff below, to be sold by him at a commission, and a breach of that contract by the defendant, by his withdrawal of the property before the expiration of the time allowed him by the contract to make sale thereof. Counsel for defendant, King, say the declaration is in form an *indebitatus assumpsit* for money due for work and services, whereas the evidence shows a special contract and breach thereof, which ought to have been specially declared on. The complaint is as follows:

"The plaintiff complains and alleges: *First*, that the defendant is indebted to the plaintiff in the sum of $275 on account for services as broker in the sale of real estate, performed at the request of the defendant, at the city of Colorado Springs, El Paso county, Colorado, between the 5th day of October, 1881, and the 5th day of December, 1881; *second*, that the defendant has not paid the same. Wherefore plaintiff demands judgment against defendant in the sum of two hundred and seventy-five dollars ($275), with interest and costs of this action."

To this complaint the defendant answered thus:

"The defendant, answering plaintiff's complaint filed herein, says that he is not indebted to the plaintiff in the sum of $275, or in any other sum, on account of for services as broker in the sale of real estate, performed at the request of this defendant at the city of Colorado Springs, El Paso county, Colorado, between the 6th day of Octo-

ber, 1881, and the 5th day of December, 1881, or at any other time or place; and defendant says he is in no manner indebted to the plaintiff, as alleged in said complaint or otherwise."

The above comprise the pleadings in the cause. The cause was tried to the court without a jury. The evidence of the plaintiff was to the effect that, in consideration of $100 paid the defendant, the latter put certain real estate into his hands for sale, he being a real estate broker, for a definite period of time, upon a commission; and that before the expiration of that time the defendant sold the property himself, thus depriving plaintiff of the opportunity to make the sale, and then refused to pay the commission. The defendant in his testimony denied the contract, and most of the facts stated by the plaintiff; and upon this testimony as to the cause of action and defense thereto, the cause was submitted to the judge of the county court, who found the issues for the plaintiff, and assessed his damages at $250. The defendant excepted to the findings and judgment, and thereupon prayed this appeal. He saved no exceptions to the evidence. He failed to raise the point of a variance between the pleadings and the proof upon the trial, but permitted the trial to proceed to judgment without objection in any form. The plaintiff produced proof to the effect that, owing to business changes and improvements which had occurred in the vicinity of the property in question, the same was in demand and salable at the time defendant sold it, and that plaintiff had an opportunity to sell the same under his contract and to earn his commission, which was defeated by the wrongful act of the defendant.

The only question necessary to be considered is, can the defendant now, for the first time, raise the question of variance between the pleadings and the proofs, which he might have raised in the lower court?

The complaint clearly states a cause of action. The

evidence must be held to have justified the finding and judgment, so far as its sufficiency is concerned.

The principal witnesses in the case were the parties themselves. Other witnesses were called only as to collateral facts. Neither party claims to have been surprised; both parties evidently knew the precise issue to be tried, and they tried the cause on the merits without raising any question of irregularity. Had such question been raised, the plaintiff might have had an opportunity to amend if necessary. An amendment would not have created a different cause of action. Besides, the form of the answer, that defendant was not indebted to the plaintiff as alleged in the complaint, "or otherwise," must be considered as a denial that the defendant was in any manner indebted to the plaintiff on account of the subject-matter of the complaint, whether in the precise form as stated or not. Such an answer, after judgment, must be construed in aid of the judgment, where the subject-matter of the action is covered by the complaint, and no question of insufficiency or variance was raised on the trial. Our Civil Code says, section 81:

"The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the parties; and no judgment shall be reversed or affected by reason of such error or defect."

Provision is made in the same section for amendments to the pleadings when the evidence shall vary from the allegations thereof. This may be done when the attention of the court is called to the defect by objection, motion or otherwise, if the defect is amendable.

Mr. Bliss says:

"When an action is instituted, or a defense presented, the opposite party may insist that the rules of statement, and other rules found necessary or expedient, shall be observed. * * * It by no means follows that because

certain rules of procedure are calculated to secure the ends of justice, all proceedings shall be treated as invalid in which they have not been followed. This obligation upon one party is supposed to be provided for the protection of the other; and if the latter does not seek such protection; if, with their violation before his eyes, he proceeds in the cause as though they had been observed,— it would be a trifling for courts to permit him afterwards to go back and stop or vacate the proceedings because of their non-observance." Bliss, Code Pl. § 435.

That is just what defendant below is attempting to do here, but the plainest principles of law and justice estop him from now raising objections of this nature. It is now too late to raise questions of the character here presented, and it is wholly unnecessary to consider them further. The judgment must be affirmed.

*Affirmed.*