## STATE *vs*. WM. COLLINS.

Opinion filed January 2, 1895.

**Embezzlement—Indictment.**

> In a prosecution for embezzlement under our statute, it is necessary to allege the ownership of the property embezzled, and prove the same as alleged.

Error from District Court, Bottineau County; *Morgan*, J.
Wm. Collins was convicted of embezzlement, and brings error.
Reversed.

*Bangs & Fisk, E. A. Maglone*, and *.C. E. Gregory*, (*Cochrane & Feetham*, of counsel,) for plaintiff in error.

*Norman A. Stewart*, State's Atty., and *Bosard & McDermot*, for the state.

BARTHOLOMEW, C. J. There must be a new trial in this case, upon the first ground urged by plaintiff in error. The prosecution was for embezzlement under § 6801, Comp. Laws, which reads as follows: "If any clerk or servant of any private person, co-partnership, or corporation, except apprentices and persons within the age of eighteen years, fraudulently applies to his own use or secretes with fraudulent intent to appropriate to his own use any property of any other person which has come into his control or care by virtue of his employment as such clerk or servant, he is guilty of embezzlement." "Embezzlement" is defined by § 6796, Comp. Laws, to be "the fraudulent appropriation of property by a person to whom it has been intrusted." Embezzlement is a statutory expansion of common law larceny, made to prevent a failure of justice that would occur under the technical rules that the law had applied to larceny. It covers cases where the property which is the subject of the offense comes into possession of the defendant without any technical trespass; in other words, where property is intrusted to the party. It will be noticed that under our statute, quoted, it is immaterial whether the property be intrusted to the accused by the owner of the

property, or by some other person for such owner. Consequently, the distinctions which have arisen under statutes providing that the property must be intrusted to the accused by some person other than the owner will have no application in our state. Embezzlement being a cognate offense with larceny, it has ever been held that the same rules with reference to the property embezzled, and the ownership thereof, and the fraudulent intent to convert the property, apply in cases of embezzlement that apply in cases of larceny. On this point Wharton says: "Unless the pleader is relieved from this exactness by special statute, the goods and ownership must be set out and proved with the same exact completeness as in larceny." See Whart. Cr. Law, § 1044. See, also, *State* v. *Lyon*, 45 N. J. Law, 272; *Livingston* v. *State*, 16 Tex. App. 652.

It is elementary that in all prosecutions for larceny the property stolen must be specifically set forth, and also the ownership of such property; and, these allegations being necessary both in indictments for larceny and embezzlement, it follows as a matter of course, that proof of these allegations is also necessary. In the case at bar, defendant was accused of embezzling certain promissory notes. These notes, as alleged, and as the proof shows, were delivered to the plaintiff in error on the 23d day of November, 1893, by Robert A. Fox, the then alleged owner thereof. They were delivered to the plaintiff in error for the purpose of collection and remittance to said Fox. Five days thereafter, to-wit, on the 28th day of November, 1893, Robert A. Fox made a general assignment of all his property, including the notes intrusted to plaintiff in error, for the benefit of his creditors. This is developed by the evidence of the state. Such assignment, of course, carried with it, to the assignees, the legal title to the property in the notes. The crucial question in the case is whether or not the evidence shows an embezzlement or conversion of the property to his own use by plaintiff in error prior to such assignment. The information under which plaintiff in error was convicted charges him with embezzling the property of

Robert A. Fox. Plaintiff in error contends now that there is no evidence whatever of any embezzlement of any property belonging to Robert A. Fox. For the purposes of this case, it is sufficient to say that an embezzlement is accomplished by any act which shows an unmistakable intention on the part of the party to convert the property to his own use, and deprive the owner thereof. Embezzlement may also be evidenced by a demand upon the party to whom the property had been intrusted, made by one entitled to the property, and the refusal of such party to turn the property over, or account therefor. In this case it is shown that there was a demand made upon the plaintiff in error by one of the assignees some time in the month of December, 1893, and plaintiff in error refused to return the property, or account therefor. If this be regarded as the act of embezzlement, it clearly took place after the property had ceased to be the property of Robert A. Fox. But it is claimed by the state that there is other evidence of embezzlement. Plaintiff in error admitted, when on the stand, that he sold the notes that had been intrusted to him, to one McKenzie, for a lump sum. No date is fixed at which said sale took place,—whether before or after the assignment. The state seeks, however, to fix this date before the assignment, by other evidence. That evidence was a statement by plaintiff in error, on the stand, to the effect that he was not written or wired by Frank Collins (his brother) between the time of their talk, a week or 10 days before the assignment, and the time that he disposed of the notes. Subsequently, there was introduced into the case two letters concerning the said notes, written by Frank Collins to plaintiff in error,—one dated November 25, 1893, and the other November 27, 1893; both letters, it will be noticed, being prior to November 28, 1893, the date of the assignment. It is urged that this evidence shows that the sale of the notes to McKenzie must have been prior to November 28, 1893. We cannot, however, give the testimony that effect. We must construe the language of the plaintiff in error as he evidently meant it,—that he received no letter from

Frank Collins between the time of their conversation, a week or 10 days before the assignment, and the time that he disposed of the notes. Now, there is no evidence whatever as to the time when those letters were received. It is not even shown that they were received by mail, or that they ever were placed in the mail. In fact, the evidence of Frank Collins is to the effect that the first one never was mailed. In this state of the testimony, it will not do for us to say that the letters were received prior to November 28, 1893. Nor does the case of *Com.* v. *Butterick,* 100 Mass. 1, in any manner relieve this position. The defendant in error cites that case for the purpose of showing that, having laid the property in Robert A. Fox at the time it was intrusted to plaintiff in error, it was not necessary to prove that it continued to be the property of Robert A. Fox until the time of the conversion. The principle of the case in 100 Mass. is entirely correct, and it is this: The indictment having alleged the property embezzled to be the property of a particular party at the time it was intrusted to the accused, it was not necessary, in the indictment, to allege that the property continued to be the property of that party until the time of the embezzlement, because the law would presume that the ownership continued. The trouble with the application of that case to the case at bar is the fact that the testimony for the prosecution shows, beyond question, that the title to the property passed out of the person in whom it was alleged to be at the time the property was intrusted to plaintiff in error five days after it was so intrusted, while the evidence entirely failed to show whether the act of conversion was prior or subsequent to the date when the title was thus transferred. Such being the case, there was an utter absence of proof that the property embezzled was the property of Robert A. Fox at the time of the embezzlement, as alleged in the information. This failure is fatal, and the case must be reversed, and a new trial awarded.

There are many other errors alleged by counsel, referring to the rulings of the court in admitting and excluding evidence, and in giving the instructions to the jury. It is by no means certain

that these same questions will arise on a second trial. Hence, they need not be further referred to here.

Reversed. All concur.