(No. 3937.)

DOLAND v. THE GRAND VALLEY IRRIGATION CO.

1. PRACTICE—PLEADING AND PROOF—VARIANCE.

In an action by a water consumer against the successor of a ditch company to compel the successor to carry out the contract of the original ditch company to furnish plaintiff water, where defendant alleged in its answer an unconditional power from plaintiff and other water consumers to a committee to organize the new company to purchase the ditch of the old one, and that defendant was proceeding under such power and was ready to deliver to plaintiff all the water he was entitled to under the terms of the reorganization, and plaintiff denied any con-

tract whatever by which he agreed to the plan of the reorganization, evidence was admissible of the execution of a power conditioned that two-thirds of the water right owners should join in its execution. And where plaintiff claimed no surprise at the proof, nor asked for a continuance on account thereof, but introduced proof in support of his theory of the case he cannot complain of the variance. Defendant might have been required to amend its answer to correspond to the proof but its failure to do so would not justify the reversal of the judgment where substantial justice has been done.

2. EVIDENCE—OPINION OF WITNESSES.

On an issue as to whether two thirds of the water right owners in a certain ditch had signed an agreement, direct evidence of witnesses that two thirds had signed and that they had arrived at the ultimate fact by an examination of the records of the ditch company from which they ascertained the total number and compared this list with the number who signed the agreement, was not objectionable as being the opinion of the witnesses because they failed to give the total number of water right owners and the number who signed the agreement.

3. CONTRACTS—AGENCY—AUTHORITY DELEGATED TO A COMMITTEE MAY BE EXECUTED BY MAJORITY.

Where the water right owners in a ditch delegated to a committee authority to reorganize the company and the instrument creating the committee authorized a majority to act, it is immaterial that one of the committee did not participate in its deliberations where a majority of the committee concurred in the action.

## Appeal from the District Court of Mesa County.

The Grand River Ditch Company was a corporation organized under the laws of this state to make a diversion of water from the Grand River and to supply the same for irrigation purposes to owners of lands lying under its Grand River ditch through which the water thus diverted was carried. With these owners it entered into contracts for the sale of water rights, by whose provisions specified quantities of water were to be delivered by the corporation to the water consumers at the headgates of their respective ditches leading from its main canal, upon certain terms which the written instruments prescribed.

The plaintiff became the owner by purchase of one of

these water rights. In his complaint he alleges that the defendant, the Grand Valley Irrigation Company, a corporation, assuming to have obtained title at a foreclosure sale of the Grand River ditch, entered upon and took possession of, and is now operating and managing the same; that it refuses, without right, to deliver water to the plaintiff in accordance with the terms of his contract with the Ditch company, and also threatens to shut down and close the headgate through which he has hitherto been accustomed to receive, and is still entitled to receive, the water. He therefore asked for a permanent injunction restraining the defendant from interfering with, or preventing him from getting water from, the main ditch for the irrigation of his land.

The answer contains three separate defenses, the first two of which, however, were abandoned by defendant at the trial. The third defense in substance alleges that the Grand River Ditch Company, the first owner of the canal in question, on account of its insolvency became unable to carry out its contracts with its various water consumers. And as a result of its inability to discharge certain of its obligations which were evidenced by outstanding bonds secured by a trust deed upon its property, proceedings by its secured creditors to foreclose the trust deed were instituted, and a receiver was appointed to take possession of, and operate, the property pending the foreclosure.

During the pendency of this suit the various water consumers, for the purpose of avoiding further litigation and expense and to indemnify themselves against further loss on account of their unfortunate investment, formulated a scheme for relief. In substance the plan was that there should be formed a new corporation to acquire the property and franchises of the old, and that the water right consumers who participated in it should, in lieu of whatever interests in the old concern their so-called water right contracts gave them, have of the capital stock of the new company

such shares as their former interests equitably entitled them to receive. To perfect the plan, certain of the water consuers signed a writing authorizing a committee composed of a number of persons therein named to conduct negotiations for the acquisition of title from the old company.

It was further alleged in this defense that plaintiff joined other water consumers in this endeavor, and that, in pursuance of the authority conferred upon the committee, the new corporation (the defendant) was incorporated, and duly acquired title to the property and franchises of the old ditch company, and ever since its acquisition of title has been in possession of, and operating, the canal; and that it stands ready to deliver to the plaintiff at the head gate of his lateral ditch the quantity of water to which he is entitled under the terms of the reorganization.

There was a replication to this defense, substantially putting in issue its material averments.

The trial court upon conflicting evidence at the close of the trial found that, prior to the purchase by the defendant of the irrigation system in question, the committee having in charge the foregoing scheme was duly authorized by sundry water right owners, including this plaintiff to purchase the same, and that the purchase was consummated pursuant to, and in accordance with, such authority. Upon this finding of fact the court concluded the plaintiff was not entitled to the relief prayed and dismissed his action.

Messrs. BUCKLIN, STALEY & SAFLEY for appellant.

Mr. CHARLES F. CASWELL, Mr. B. C. OYLER and Mr. JOHN P. BROCKWAY for appellee.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

A number of errors have been assigned to the judgment,

but only three of the questions argued demand consideration.

1. It is said that there is a variance between the allegations of the third defense and the proof in its support. The allegation referred to is that unconditional power or authority was given to the committee to purchase the irrigation system; while the proof merely tends to show the giving of a power that was to become effective only on condition that two-thirds of the water right owners should join in its execution.

The authorities cited are not in point in this case. This court in *Salazar v. Taylor*, 18 Colo. 538, and the court of appeals in *Railway Co. v. Rubenstein*, 5 Colo. App. 121; *Colo. Fuel and Iron Co. v. Cummins*, 8 Colo. App. 541; *Outcalt v. Johnson*, 9 Colo. App. 519; *Rice v. Ross*, 9 Colo. App. 552; and *Schmidt v. Bank*, 10 Colo. App. 261, have held that a variance which neither suprises nor harms a party is not necessarily fatal to the judgment. Plaintiff relied on his averment that he never made any sort of a contract by which he agreed to the so-called plan of re-organization. The allegations of his replication are broad enough to admit of the proof offered and admitted. *King v. Decoursey*, 8 Colo. 463. It alleges that he never entered into a contract of any kind, either that alleged in the third defense, or otherwise, by which he agreed to the plan in question.

From the printed abstract it is uncertain whether his ground of objection to proof of conditional authority was specifically upon the ground of variance. But even if it were he did not claim surprise. Indeed, he could not have been surprised, nor did he seek a continuance of the cause for that reason, but proceeded with the trial and introduced evidence in support of his theory of the case. By strict practice the defendant might have been required to amend its defence to correspond to the proof, but under the liberal provision of our code, the judgment will not be reversed for

its omission to make that request, or for its failure so to amend its pleading, when it is apparent that substantial justice has been done.

2. It is further urged that, if it be conceded that there was not a fatal variance, nevertheless the proof introduced by defendant that there was a compliance with the condition in the power given to the committee to purchase was merely opinion evidence of the witnesses, and not as to facts. The record is against this position. Several of the witnesses testified explicitly that two-thirds and more of the water right owners signed the agreement by which the committee was empowered to act.

The particular objection seems to be that the witnesses were not required in their examination in chief to say just how many water right owners there were and how many signed this written authorization. But the witnesses testified that they arrived at their ultimate fact that two-thirds signed, by an examination of the records of the old company from which they ascertained the total number of water right owners, and compared this list with the number of such owners who signed the writing creating the committee. If this method of establishing the controverted fact was indefinite or improper, the plaintiff might, by proper cross-examination, have established its insufficiency, or unsatisfactory character. The objection is not good.

3. The third point discussed is that one member of the committee never participated in any of its deliberations. Upon the proposition that when authority to perform an act of a private nature is conferred upon two or more agents, the principal is bound only when the execution is by all, the plaintiff seeks to impeach the validity of the committee's action in purchasing the property of the old company. It clearly appears however, from the instrument by which the committee was created that a majority was authorized to act, and that more than a majority concurred in the action

which was taken, and this is sufficient. Mechem on Agency, § 77; 1 Am. and Eng. Enc. of Law (2nd ed.) 1057 and notes.

Under its finding that the plan of reorganization was assented to by the plaintiff, and the purchase of the irrigation system by defendant made as the result of an authorization of water consumers, in which the plaintiff joined, the trial court declared that it would be inequitable in this action to grant the extraordinary relief prayed. If some irregularities occurred in carrying out the plan of reorganization, and if some inaccuracies in matters of detail characterized the committee's action, they cannot be corrected in this kind of an equitable action.

The trial court took the right view of the controversy, and no prejudicial error being brought to our attention, its judgment is affirmed.

*Affirmed.*