YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY v. HENRY F. REID.

[43 South., 952.]

APPEALS: *Interlocutory circuit court judgments.* Code 1906, § 4910; *Code* 1906, § 4911.

  Code 1906, § 4910, purporting to provide that a circuit court should not grant a new trial because of an excessive verdict but that the supreme court might in such case require a remittitur, and Code 1906, § 4911, purporting to authorize appeals from certain interlocutory judgments of the circuit court, being parts each of the other, and one of them being unconstitutional (see *Yazoo, etc., Co.* v. *Wallace*, the last preceding case in this volume), the other falls with it.

FROM the circuit court of, first district, Coahoma county.
HON. SAMUEL C. COOK, Judge.
Reid, the appellee, was plaintiff in the court below; the railroad company, the appellant, was defendant there. Upon the trial of the case in the circuit court a judgment was rendered for defendant, predicated of a peremptory instruction; thereafter the circuit courst sustained the plaintiff's motion for a new trial and the defendant, under Code 1906, § 4911, appealed from the order granting the new trial to the supreme court.

*Mayes & Longstreet,* and *C. N. Burch,* for appellants.

*O. G. Johnston,* for appellee.

Code 1906, § 4911, was a vain and useless thing. It in no wise repealed that section of the code providing that an appeal should only lie from a final judgment. As a matter of fact it was an unwarranted interference upon the part of the legislative department of our government with the judicial department. To quote from the language of this court in a former opinion and to paraphrase a little:—

"It shuts out the plaintiff from having complete. and final disposition of their rights in a forum provided by the organic law for all."

In characterizing this sec. 4811, I can do so in no more expressive manner than used by the learned chief justice in rendering his concurring opinion in the case of *Yazoo, etc., R. R. Co.* v. *Wallace, ante* 609, s.c. 43 South., 469, wherein he uses this language:—

"I desire to say that § 4911 here involved and § 4910 of the Code are nonsense written therein by legislative blunder."

CALHOON, J., delivered the opinion of the court.

Appellee brought his action in the court below for damages for personal injuries. The court below granted a peremptory instruction for the railroad company. Then the appellee, plaintiff below, moved the court to set aside the verdict and grant him a new trial, which was done, and the railroad company appeals from the order granting a new trial; the appeal being taken under § 4910 of the Code of 1906.

This appeal must be dismissed, because it is not from a final judgment of the court. Code 1906, § 33. See opinion and concurring opinion in *Y. & M. V. R. R. Co.* v. *Wallace, ante,* s.c., 43 South., 469.

*Appeal dismissed.*