## THOMPSON *v.* WALKER.

1. STIPULATIONS—DAMAGES.

   Where counsel agreed in open court as to amount of verdict in
   case plaintiff should recover, verdict for amount agreed on
   cannot be said to be erroneous, in absence of proof of plain-
   tiff's damages.

2. EVIDENCE—BOOKS OF ACCOUNT—SUMMARIES OF VOLUMINOUS DOC-
   UMENTS ADMISSIBLE.

   Where books of account, papers, or other documents submitted to
   jury are too voluminous to admit of separate presentation,
   abstracts, conclusions, or summaries may be submitted together
   with originals, even though prepared in advance.

3. SAME—AUDITOR MAY TESTIFY AS TO CONTENTS OF BOOKS INTRO-
   DUCED.

   Auditor may not testify, from examination of books, in advance,
   what they would show if introduced, but books must be intro-
   duced in evidence and he may testify to what they show.

4. TRUSTS—FIDUCIARY RELATION.

   One occupying position of trust and confidence may not act
   where duty is opposed to interest.

5. CORPORATIONS—TRUSTS—OFFICERS HAVE TRUST RELATION.

   Officers and directors of corporation have its affairs committed
   to their charge upon trust and confidence that they will be
   cared for and managed for common benefit of all stockholders.

6. SAME—DUTY TO STOCKHOLDERS.

   It is of essence of trust committed to officers and directors of
   corporation that it be so managed as to produce to each stock-
   holder best possible return for his investment.

7. SAME—ILLEGAL PURPOSE—INCORPORATION NO DEFENSE FOR PRO-
   MOTERS.

   When real purpose of forming corporation is to use it for illegal
   purpose, fact of incorporation will not avail promoters as
   defense in action against them to recover money obtained by
   such methods.

---

On the question as to liability of directors of corporation for
secret profits, see annotation in 25 L. R. A. 90; 18 L. R. A. (N. S.)
1110.

On duty and liability of directors of corporation generally, see
annotation in 55 L. R. A. 751.

As to right of subscriber to rescind subscription to stock on the
ground of fraud, see annotation in 33 L. R. A. 721.

8. SAME—SECRET PROFITS.
   Promoters of corporation are not entitled to secret profits.

9. SAME—DUTY TO MINORITY STOCKHOLDERS.
   Where one man or family controls corporation, it is especially
   true that it must be managed in utmost good faith as to
   minority stockholders.

10. FRAUD—CORPORATIONS—PARTIES.
    In action against promoters of corporation for fraud in sale of
    its stock, corporation was not necessary party.

11. SAME—GOOD FAITH NO DEFENSE IF STATEMENTS FALSE.
    Controlling stockholders, directors, officers, and promoters of
    corporation owed duty to act in utmost good faith to see that
    statements made by them to prospective stockholders were
    true, and it is no defense, in action thereon, that they be-
    lieved the statements, when made, to be true, or that they
    acted in good faith, if in fact statements were false.

Error to Shiawassee; Collins (Joseph H.), J.
Submitted October 24, 1930. (Docket No. 4, Cal-
endar No. 35,023.) Decided January 7, 1931.

Case by Adelbert D. Thompson and another
against Adolph R. Walker and others for fraud in
the sale of corporate stock. Judgment for plain-
tiffs. Defendants bring error. Affirmed.

*Matthews, Hicks & Des Jardins* (*Pulver & Bush*,
of counsel), for plaintiffs.

*Galpin, Smedley & Dunn* (*Butterfield, Keeney &
Amberg*, of counsel), for defendants.

POTTER, J.   June 25, 1929, plaintiffs, who had
been stockholders in the A. R. Walker Candy Cor-
poration, brought suit against defendants by dec-
laration containing three counts, one of which
charged defendants obtained plaintiffs' property
and money by fraud and deceit; another charged

fraud and deceit, plaintiffs' resulting injury, and waived the tort and counted in assumpsit; to which was added the common counts in assumpsit. The declaration sets forth the claimed fraud, false representations, and deceit with particularity. Defendants pleaded the general issue and gave notice of the statute of limitations, laches of plaintiffs, ratification of the acts of defendants by plaintiffs, and their estoppel; the acts complained of were the acts of the corporation and not the acts of the defendants individually; claiming plaintiffs' right of action was prohibited by section 11983, 3 Comp. Laws 1915, and plaintiffs' rights of action, if any, were several and not joint and could not be recovered upon under the declaration. The suit was dismissed as to Frances Thompson and proceeded as to Adelbert D. Thompson, plaintiff, who recovered a judgment against defendants A. R. Walker, Harriett Walker, Jacob J. Kooman, and Amos L. Merrick, for conspiracy to defraud plaintiff, in the sum of $1,318.60. Defendant Maxine Walker DePree had judgment of no cause of action. A motion for a new trial was made and denied, and defendants, other than Maxine Walker DePree, bring error. Appellants claim no liability for fraud could be shown against them, unless there was proof of a sham corporation, made use of by defendants, in a conspiracy to defraud; that there was no proof of a sham corporation made use of by defendants in a conspiracy to defraud, and a verdict should have been directed for appellants. Complaint is also made of errors committed in the admission of testimony; recovery in the absence of proof of damages to plaintiff; and erroneous recovery permitted with respect to the purchase of stock in 1921 and 1923.

It was agreed between counsel on the trial in open court that, in event plaintiff should recover on

all counts, the amount of the verdict should be $1,318.60, being interest of $208.60 and principal paid $1,110.00. The verdict returned by the jury was that appellants were guilty of conspiracy to defraud plaintiff in the amount of $1,318.60. This disposes of the assignment that recovery was erroneously allowed, in the absence of proof of damages to plaintiff.

Appellants claim a large part of the testimony, permitted to go to the jury, was erroneously admitted. Their objections are principally aimed at the testimony of the auditor who made an examination of the original books of the various Walker corporations produced by the trustee in bankruptcy of the last one, and testified to his conclusions therefrom. The record books of the several corporations were introduced, showing the record of the stockholders' meetings of the several corporations, of the meetings of the directors, and the books of account of the several corporations were also admitted in evidence. Where the books of account, papers, or other documents submitted to a jury are too voluminous to admit of separate presentation, abstracts, conclusions, or summaries may be submitted together with the originals, even though such abstracts, conclusions, or summaries may have been prepared in advance.

The auditor could not testify from his examination, in advance, of the books, what they would show, if introduced in evidence. It is the books, the contents of which may be summarized, which must be present in court, and introduced in evidence, and the witness may testify to what the books show. He could not invade the province of the jury, who were to pass upon and determine the facts. The auditor could not testify to anything beyond what

was shown from an examination of the books themselves, but he could testify as to his compilations, computations, and conclusions therefrom, or the aggregate amount of any specific items shown thereby. The process of binding component facts into a more concise and general statement is a mere mechanical process. *Doland* v. *Grand Valley Irrigation Co.*, 28 Colo. 150 (63 Pac. 300); *Culver* v. *Marks*, 122 Ind. 554 (23 N. E. 1086, 7 L. R. A. 489, 17 Am. St. Rep. 377); *State* v. *Brady*, 100 Iowa, 191 (69 N. W. 290, 36 L. R. A. 693, 62 Am. St. Rep. 560); *Howard* v. *McDonough*, 77 N. Y. 592.

The A. R. Walker Candy Company was originally a copartnership. In 1911, a corporation was organized with an authorized capital stock of $75,000, $47,000 of which was issued, to take over the property and business of the copartnership. Of this stock, A. R. Walker held 2,800 shares; Lucy R. Fischer 600 shares; E. A. Fischer 600 shares; R. L. Fischer 600 shares; and A. R. Walker, trustee, 100 shares. The corporation continued to do business. Its last annual report to the secretary of State, made as of December 31, 1918, shows it had 7,400 shares of the par value of $10 each outstanding, or $74,000 in par amount of its stock. It had assets of $81,127.04 and liabilities of $24,500, making net assets of $56,627.04; so that each $10 share of its capital stock outstanding was worth $7.65 or $2.35 per share less than par. Its net capital assets of $56,627.04 show a deficit existed of the difference between the net capital assets and the capital stock outstanding, of $17,372.96.

A corporation was organized under the laws of Delaware in December, 1919, and the property of the Michigan corporation turned over to it. At the time this was done the value of the assets of the

Michigan corporation, as turned over to the Delaware corporation, were written up on the books of the latter corporation to $230,520.65, an increase of $173,893.61. As a result of this writing up the books of the Delaware corporation, the deficit of $17,372.96, which existed on the books of the Michigan corporation at the close of business December 31, 1918, was made into a surplus on the books of the Delaware corporation, when opened, of $10,032.13. The Delaware corporation continued to do business. By February 3, 1921, it was in straitened circumstances. It then owed $111,000 in borrowed money, and at the annual meeting of the stockholders held on that date dividends on the common stock for that year were passed. May 12, 1921, another Michigan corporation was organized, with an authorized capital of $700,000, of which $450,000 was subscribed and $361,200 paid in; divided into 50,000 shares of common stock at $10 a share and 20,000 shares of preferred stock at $10 a share; $311,200 of common stock and $50,000 par value of the preferred stock was paid in by the transfer to the new Michigan corporation of the property and assets of the Delaware corporation, above referred to. At the annual meeting of the corporation in 1922, the question of annual dividends was again discussed, and it was decided to declare such dividend, and A. R. Walker, Harriett Walker, and Maxine Walker DePree, owning a majority of the common stock outstanding, offered to take $8,000 of their dividends in preferred stock, in order to make a dividend possible, without seriously affecting the working capital of the business. This offer was accepted and carried out by the board of directors. In 1922, Curtis R. Gray was employed as a salesmanager. At the January, 1923,

meeting of the corporation, a reorganization of the business was approved; a new Michigan corporation was organized February 1, 1923, with a capital stock of $1,000,000 and 200 shares of no par value. The $1,000,000 of capital stock was all preferred, divided into 100,000 shares of the par value of $10 each. The amount subscribed was $554,030 and 155,403 shares of no par value. The property of the 1921 Michigan corporation was turned over to the new Michigan corporation at a valuation of $664,007.35; the voting power of the stock of the corporation being vested in the no par stockholders. In the new corporation, A. R. Walker took 26,000 shares of preferred stock and 126,000 shares of no par value. Defendant Merrick took 600 shares of preferred stock and 600 shares of no par value. Defendant Kooman took 600 shares of preferred stock and 600 shares of no par value, and defendant Merrick as trustee took 27,603 shares of preferred stock and 27,603 shares of no par value. All of this stock was paid for by the transfer, to the 1923 Michigan corporation, of the property and assets of the Michigan corporation of 1921. The assets of the 1921 Michigan corporation were written up on the books of the new 1923 corporation, organized as of February 1, 1923, so as to show a net increase in the fixed and intangible assets of $203,601.86, of which $180,824.93 was good will. The total appreciation of assets through these various corporate reorganizations show they were written up on the books of the company $688,527.07. As against this sum there are deductions of $50,917.32, making a total net appreciation of $637,609.75. This represents arbitrary appreciation of the property. Plaintiff claims a watering of the stock of the 1923 corporation by this amount, and that, by fraudulent manip-

ulation, the books showed a surplus of $539,576.23, when, in fact, such surplus was unearned and supported only by this arbitrary inflation in value of the assets of the corporation.

At the time notice was given of the meeting of the stockholders of the 1921 corporation, for the purpose of reorganization, nothing was contained therein which indicated the 1923 corporation would issue and deliver a total of 100,000 shares of no par value to defendants A. R. Walker, Amos L. Merrick, Jacob J. Kooman, and Curtis R. Gray to be delivered to them, or to their assigns, in consideration of appreciated good will, new processes, and formulas, for promotion, and other expenses in connection with the organization of the new corporation, and in additional consideration of the exchange of stock held by them in the 1921 corporation. Nevertheless this action was taken, and, in view of the amount of no par value stock issued, this 100,000 shares of no par value stock was sufficient to control the affairs of the corporation. Defendant A. R. Walker had 126,000 shares of no par value stock in his name, and this of itself was sufficient to give him control of its affairs.

Plaintiff showed defendants took from the several corporations, which they dominated, $194,876.23 in dividends and $152,074.99 in salaries, that none of these dividends, declared and taken, were actually earned, but were the result of a surplus artificially created by writing up the valuation of the assets on the books of the several successive corporations. Plaintiff claims the several corporations were at all times a family affair, dominated and controlled by A. R. Walker and his family, for their use and benefit, and used and manipulated by him and them, as an instrument of fraud in procuring plaintiff's

money; that defendant A. R. Walker, who knew the condition of the company, obtained from it its most valuable tangible assets by purchase, representing, in the preliminary negotiations and its final consummation, both the buyer and the seller at the same time; that the 20,000 shares of preferred stock and 20,000 shares of no par value stock surrendered by him to the corporation, in consideration of the conveyance to him, by the corporation, of the Muskegon plant, worth a substantial sum, was merely taking the property of the corporation for worthless stock, supported by arbitrary artificial inflation, of the value of its tangible and intangible assets; that, representing and controlling both the buyer and the seller, he obtained the Hanselman Candy Company plant, at Kalamazoo, which belonged to the corporation, from the corporation, for substantially less than it cost, and that, representing both the buyer and the seller, he obtained the St. Joseph plant of the corporation, from it, by the prepayment and surrender of $150,000 in mortgage bonds and debenture notes which, in the then condition of the corporation, could not and would not have been paid at maturity, and having thus obtained the high salaries and extensive dividends and valuable property of the corporation, so that it was without tangible assets, he permitted it to belong to the stockholders —a sinking concern, for which, in bankruptcy, those who had, in reliance of the false and fraudulent statements of appellants, invested their money therein, obtained nothing.

One who occupies a relation of trust and confidence is forbidden to act where duty is opposed to interest, fidelity to cupidity, integrity to personal gain. The officers and directors of a corporation have its affairs committed to their charge upon the

trust and confidence they will be cared for and managed, within the limits of the powers conferred by law upon the corporation, for the common benefit of all the stockholders. *Ten Eyck* v. *Railroad Co.,* 74 Mich. 226 (3 L. R. A. 378, 16 Am. St. Rep. 633). It is the essence of this trust that it shall be so managed as to produce to each stockholder the best possible return for his investment. *Miner* v. *Belle Isle Ice Co.,* 93 Mich. 97 (17 L. R. A. 412). When the real purpose for which a corporation is formed is to use it as an instrumentality in the accomplishment of an illegal purpose, the fact of incorporation will not avail the promoters as a defense in a suit against them to recover money obtained from plaintiff by such methods. 14 C. J. p. 61. Promoters of a corporation are not entitled to secret profits. *Garber* v. *Town,* 208 Mich. 1. It is especially true, where one man or family controls and dominates a corporation, that he, or they, must act in the utmost good faith in the control and management of the corporation as to minority stockholders.

The corporation was not a necessary party to this suit. The plaintiff claims appellants represented to him the corporation, in which he purchased stock, had grown, out of earnings, from a $6,000 concern to a plant and business worth over $500,000; that the common stock, in 1904, was $6,000, and in 1921 was $500,000; that the corporation had earned, every year, 20 per cent. on the invested capital, for a period of the past five years; that the average yearly earnings, on the invested capital in the company, for 19 years, had been 70.9 per cent.; that the dividends for a period of 12 years had averaged 31.8 per cent. per year and these representations were relied upon by him in investing his money, and that such representations were false and he was de-

ceived thereby. There was evidence these statements were made by appellants, were relied upon by plaintiff, were false, and that plaintiff lost the money invested by him in reliance thereon. The suit was against appellants, in their individual capacity, for false and fraudulent representations. As controlling stockholders, directors, officers, and promoters of the 1923 corporation, they owed a duty to act in the utmost good faith, to see to it that statements made by them to prospective stockholders to procure money by and from the sale of stock in the corporation to them were true. It is no defense that appellants believed the statements, when made, to be true, or that they acted in good faith in making such statements. The result to plaintiff, from their falsity, was the same whether appellants acted in good faith or bad faith. *Angell* v. *Loomis,* 97 Mich. 5.

No testimony was introduced by appellants. The facts, on the record, stand undisputed. They are, we think, sufficient to raise a question for the jury. The case was submitted by the trial court in a careful and comprehensive charge, upon which no error is assigned. Appellants are bound by the verdict. Judgment is affirmed, with costs.

Butzel, C. J., and Wiest, Clark, McDonald, Sharpe, North, and Fead, JJ., concurred.