# JOHN CASSELMAN v. STATE.

No. A-8887.   Jan. 17, 1936.
(54 Pac. [2d] 678.)

372

J. C. Cornett and M. M. Thomas, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

EDWARDS, J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of Osage county of embezzlement and was sentenced to serve a term of seven years in the penitentiary and to pay a fine of $224,000.

Defendant was treasurer of Shidler-Webb City Independent School District No. 11 and was also an active officer of the American Exchange Bank at Shidler, in which he carried his account as school district treasurer. He was superseded as treasurer and an audit of his office followed in which a shortage of more than $112,000, the aggregate of several different items, was discovered. He was indicted and this trial followed. The testimony for the state appears ample and the sufficiency of the evidence is not questioned here. The state offered to show the dealings of defendant on the stock market to account for the disappearance of these funds, but on objection this line of testimony was excluded. Defendant did not take the stand and offered no testimony. He argues five assignments of error: First, that the indictment is insufficient; second,

the admission of incompetent evidence and failure to confront; third, variance between the charge in the indictment and the case attempted to be proven; fourth, error in not requiring the election of offense by the state; fifth, error in the court's instructions.

In discussing these assignments, 1, 3, and 4 will be combined.

It is the theory of the state that the defendant is charged under section 7761, Okla. Stat. 1931, the applicable part of which is:

"If any * * * officer * * * charged with the collection, receipt, safekeeping, transfer or disbursement of the public money * * * belonging * * * to any * * * school district * * * shall convert to his own use or to the use of any other person, body corporate or other association, in any way whatever, any of such public money, or any other funds, property, bonds, securities, assets or effects of any kind received, controlled or held by such officer * * * by virtue of such office * * * shall be deemed guilty of an embezzlement of so much of said money or other property as aforesaid, as shall be converted, used, invested, loaned or paid out as aforesaid; and upon conviction * * * such * * * officer * * * shall be sentenced to imprisonment in the penitentiary * * * for a term of not less than three years nor more than twenty-one years, and also to pay a fine equal to double the amount in money or other property so embezzled as aforesaid."

The charging part of the indictment alleges:

"* * * That * * * between the dates of July 24, 1932, and July 24, 1933 John Casselman * * * was then and there treasurer of * * * Shidler-Webb City School District No. 11 * * * and that as such * * * treasurer of said school district * * * was entrusted with and had in his possession and under his control by virtue of his trust as such officer and treasurer, the sum of $112,310.80 and that * * * while he was such officer and while he was

entrusted with the said sum of money as aforesaid, by virtue of a trust relation existing between him and the said school district, did then and there wrongfully, unlawfully, fraudulently and feloniously embezzle, convert and appropriate the said sum of money to his own use and to a use and purpose not in the due and lawful execution of his said trust. * * *"

Defendant contends the charge is under the embezzlement statute in the General Penal Code, section 2041, Okla. Stat. 1931. That each item of trust moneys converted constitutes a separate and distinct offense and that a shortage comprised of different items of trust funds cannot be charged in a single indictment since to do so would violate the well-settled rule that only one offense can be charged in an indictment or information. Further, he contends the proof, if sufficient to prove an embezzlement by defendant, proves several different embezzlements and that the state was required to elect upon which it would rely for conviction. Embezzlement is defined by section 2037, Okla. Stat. 1931, as the fraudulent appropriation of property by a person to whom it has been intrusted. There are various statutes of classification of the crime of embezzlement following section 2041 of the Code and also sections 7466, 7761, and other sections. Some of these various sections amplify or enlarge the foregoing definition, as it may apply to an embezzlement by a particular class of employees, officials, or persons under special circumstances.

Defendant further argues that there is no allegation of ownership of the funds embezzled, citing Ballew v. State, 11 Okla. Cr. 598, 149 Pac. 1070, and Hughes v. State, 7 Okla. Cr. 117, 122 Pac. 554. The language of the indictment is a sufficient answer. The allegation that he was intrusted with and received and had possession of

the money by virtue of his office as treasurer of the school district is an allegation of ownership in the school district.

Considering the wording of the statute and of the indictment, we are of the opinion the charge is under section 7761, supra, and not under section 7466, sometimes called the "shortage" statute, nor the provisions of the general code, section 2041, and that the indictment is sufficient. The trial court considered section 7761 the applicable section and the instructions are based on it. In passing, we are further of the opinion that section 7466 does not apply to a school district officer, since he is not required to make monthly or quarterly reports, under section 7448, Okla. Stat. 1931, but there is also the general provisions of section 3418, Okla. Stat. 1931, applying to all officers, which reads:

"Upon the death, resignation, suspension or removal from office of any officer, or upon the expiration of his term, all public moneys, books, records, accounts, papers, documents and property of other kinds in his hands or held by him by virtue of his office, shall be delivered to his successor."

In Fulkerson v. State, 17 Okla. Cr. 103, 189 Pac. 1092, 1101, the contention was made that the information was duplicitous. This court said:

"It may be added that there are numerous and well-considered authorities to the effect that, in the trial of cases for the crime of embezzlement by public officers, the various acts of embezzlement, if more than one act be proven, are often treated as a series or general scheme to embezzle the public funds, culminating in the embezzlement of so much of the money or funds for which the officer is unable to account at the end of his term or at the time he vacates office. The reason for such rule is based upon public necessity, in that history has proven

that the offense of embezzlement by public officers most always is constituted of a series of petty and continuous peculations, manifestly difficult, if not impossible, of proof separately. So that in cases of this class a different rule as to election of offenses is established than in cases of statutory rape, the sale of intoxicating liquors, and the like, and this court could with propriety hold, following numerous authorities to that effect, that it was not error to refuse to compel an election between particular acts by the state in this case. At least the defendant would have no just room to complain of such a decision, for the reason that, all the acts having been submitted, jeopardy attaches to all of them, and the effect of the court's action was to make but one offense out of the several transactions. The offense, being the outgrowth of a general scheme, was continuous in its nature, forming an embezzlement of that amount of money which the public officer during his term, and within the period of the statute of limitations, had, pursuant to such general scheme, finally converted to his own use or to some other use and purpose in violation of the statute. But it is not necessary to rest our conclusion solely on that theory." Citing Starling v. State, 90 Miss. 255, 43 So. 952, 13 Ann. Cas. 776.

In Griswold v. State, 23 Okla. Cr. 136, 212 Pac. 1018, citing several authorities in support, it was held:

"A public officer charged with the safekeeping and disbursement of public money may, by a series of personal appropriations of small sums of such public fund, render himself liable to prosecution for the embezzlement of a particular gross amount, as constituting but one offense, under the provisions of our statutes defining embezzlement of funds willfully appropriated to uses not in keeping with his official trust."

In State v. Bunch, 23 Okla. Cr. 388, 214 Pac. 1093, 1094, the trial court sustained a demurrer to the information. The state appealed. This court in reversing the judgment said:

"The information, in our opinion, does not state more than one offense. This court clerk may have converted to his own use funds of which a part belonged to the state, a part to the county or other municipality, a part to private individuals or firms, as rebates and costs, and a part being money belonging to judgment creditors. In this regard section 7437 is broader and more comprehensive than section 3213. The thing prohibited by the provisions of section 7437 is not the misappropriation of any particular item or fund, but the misappropriation of any and all funds, in violation of his trust as a public officer. In this case the embezzlement charged, in the amount of $5,845.61, was probably made up of a multitude of items derived from various sources. But one offense is stated, and it is not necessary in such a case to plead specifically a description of the individual items composing the aggregate. The manifest purpose of this statute was to make a blanket provision covering any or all such delinquencies, constituting but one offense. Otherwise there is no excuse for this statute. If each item constituted a separate offense, to be separately pleaded and proved, then the provisions of section 2671, R. L. 1910, a section of the General Penal Code, would have been sufficient. The difficulty and sometimes utter impossibility of making specific allegations and proof in such cases was doubtless recognized by the Legislature, which enacted section 7437 to meet this apparent defect inherent in the general embezzlement statutes of the Criminal Code."

Defendant complains of instructions 5, 6, and 7. No. 5 correctly defines embezzlement. No. 6 states the duty of an officer on the expiration of his term to deliver to his successor all funds and securities in his possession as such official. No. 7 simply tells the jury the facts necessary to be found to warrant a conviction. In this connection defendant argues that the proof merely shows a failure to account to his successor and not an embezzlement. Also, he argues there is no proof of a legal de-

mand. In the Griswold Case, supra, in syllabus 2 this court held:

"Where a public officer willfully fails or refuses to account for, pay, and disburse public money in his charge as the law directs, a demand for such payment is not necessary to complete the crime of embezzlement as defined by statute. Under such circumstances, the law itself constitutes sufficient demand."

Defendant also complains that in No. 5 the court told the jury that a distinct act of taking was not necessary to constitute embezzlement. The court followed the language of the statute, section 2038, Okla. Stat. 1931.

Defendant argues the court erred in the admission of evidence, in that defendant was not confronted with the witnesses against him but that an expert was permitted to testify to the meaning of summaries from books and records which were not produced. This contention is directed mainly to the testimony of the witness Gamble, a certified public accountant, who testified in substance that he had made an audit of the books and records and had filed his report. This report was voluminous and intricate. Over objection he was permitted to summarize the report and the facts disclosed by it. The report was then admitted in evidence, over objection that the various books and records from which the report had been compiled were not in evidence. The witness testified the report was compiled from information obtained by him from the bank and school district records and statements from the fiscal agency; that it took him some fifteen or twenty days to prepare the report and took considerable research of documents and records. Witness stated he did not know where the books and records from which the audit was made were at the time.

It is well settled that where books of account are in evidence a qualified witness, upon his qualification having been shown, may make a summary or digest of the books to enable the jury or court to arrive at the meaning of the same and to understand the evidence and the financial conditions and results of the accounts shown by such books. It is, however, equally well settled that an expert who testifies in such case may not state simply that the books show certain facts, but the books themselves must be introduced as primary evidence or their absence satisfactorily accounted for, and the testimony of the expert is secondary and explanatory only. 11 R. C. L. 630; 22 C. J. p. 1017, § 1303.

In Pierce Petroleum Corporation v. Osage Coal Co., 133 Okla. 130, 271 Pac. 675, 676, our Supreme Court said:

"It is not error to admit in evidence a digest or statement showing the financial condition and transactions of a company covering a long period of time, prepared by an expert accountant, who qualifies as such expert and testifies that the statement correctly reflects the condition of the company as shown by the books, when the books are all in court and opposing counsel have full opportunity to cross-examine the witness as to the correctness of the statements, and the books are voluminous and such as would require an explanation by an expert accountant."

See, also, Hooven v. First National Bank in Ardmore, 134 Okla. 217, 273 Pac. 257, 66 A. L. R. 1203; Bell v. Tackett, 134 Okla. 164, 272 Pac. 461; Avery v. Abraham, 114 Okla. 101, 243 Pac. 728; Louisville Bridge Co. v. Louisville & N. R. Co., 116 Ky. 258, 75 S. W. 285; Elmer Co. v. Kemp (C. C. A.) 67 F. (2d) 948; State ex rel. v. Maryland Cas. Co., 334 Mo. 259, 66 S. W. (2d) 537; Thompson v. Walker, 253 Mich. 126, 234 N. W. 144; Watson v. Gard-

ner, 183 Minn. 233, 236 N. W. 213; Fox v. Baltimore & O. R. Co., 34 W. Va. 466, 12 S. E. 757; Stolz v. Scott, 28 Idaho, 417, 154 Pac. 982.

The court also admitted in evidence the letter of transmittal of the accountant in which his conclusions were embodied, which is inadmissible under the rule announced by this court in Otey v. State, 39 Okla. Cr. 61, 263 Pac. 155. The admission of this testimony and the audit without the books from which it was made being in court, and the admission of the accountant's letter of transmittal, is error requiring a reversal.

The case is reversed and remanded.

DAVENPORT and DOYLE, JJ., concur.