Wanda BYRUM, Appellant,

v.

STATE of Oklahoma, Appellee.

No. A–16739.

Court of Criminal Appeals of Oklahoma.

Feb. 7, 1973.

Rehearing Denied April 4, 1973.

Paul E. Northcutt, Ponca City, for appellant.

Larry Derryberry, Atty. Gen., Paul Crowe, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

Appellant, Wanda Byrum, hereinafter referred to as defendant, was convicted in the District Court of Kay County, Case No. CRF 70–132, for the crime of embezzlement, and sentenced to five years imprisonment. Judgment and sentence was imposed on December 21, 1970, and this appeal perfected therefrom.

It was charged by information that on or about September 11, 1970, the defendant embezzled $400.00 from the Turvey Packing Company in Blackwell, Kay County, Oklahoma. The evidence established that on September 15, 1970, the defendant presented a check in the amount of $450.-80, payable from the account of Turvey Packing Company, to a teller of the Security Bank of Blackwell. The teller specifically recalled this transaction and identi-. fied the check presented by the defendant.

Ray Turvey and John Kotchavar testified that they had signed the check in question, although at the time they signed the check the amount was $50.80. It was established that the defendant, a bookkeeper at the Turvey Packing Company, had exclusive control over the petty cash fund. According to the witnesses, the proceeds of the check in question, for $50.80, were for the petty cash fund. The petty cash fund maintained a balance of $400.00 and periodically checks on the company were issued to maintain that balance. Sam Turvey testified that the check in question had been altered to change the amount from $50.80 to $450.80. The company did not receive the benefit of the additional $400.-00, although the $50.80 had been added to the petty cash.

J. D. Bickford, a director of the Security Bank, testified as to several checks payable from the account of the Turvey Packing Company, which had been altered. Photostats of such checks as they were processed by the bank were admitted into evidence.

The defendant testified that the petty cash fund was her responsibility. However, she denied altering the check in question or having any knowledge of receiving the money from the check in excess of the $50.80.

It is defendant's first contention that the trial court erred in admitting testimony of the bank director and company officials regarding "books and records when said books and records were not in evidence." Defendant relies upon Casselman v. State, 58 Okl.Cr. 371, 54 P.2d 678 (1936), in which an embezzlement conviction was reversed because "an expert was permitted to testify to the meaning of summaries from books and records which were not produced." 58 Okl.Cr. at 378, 54 P.2d at 682. However, defendant's reliance upon the ruling of Casselman v. State, supra, in the case at bar, is misplaced.

██ In the instant case we do not have the testimony of an expert witness as to the "meaning of summaries from books and records." Rather, the witness Bickford, a director of the bank, testified concerning certain checks which had been presented to the bank for payment and identified microfilmed copies of certain checks which had been altered. Bickford expressly stated that he had not conducted an audit of the Turvey Packing Company. The logic of the rule in Casselman simply does not apply to the facts in the instant case.

The defendant next contends that the trial court erred in refusing to strike certain remarks of the prosecuting attorney which defendant claims were derogatory and unsupported by the evidence. The

challenged remarks include the prosecutor's reference to the defendant as a "thief," "a sneak thief," and the prosecutor's comment to the jury that "you wouldn't hire her knowing the background of this matter."

■ It would appear that the prosecutor's remark, concerning hiring the defendant, was a fair comment on the evidence elicited by defense counsel in examining the defendant. Defense counsel examined the defendant regarding her difficulty in finding a job, since her employment had been terminated with the Turvey Packing Company. This reference, and the reference to the defendant as a thief, although somewhat crude terminology, were in our view proper inferences and deductions arising from the evidence. It is a familiar rule that counsel for either side, during the closing argument, has the right to discuss fully from their standpoint the evidence and the inferences and deductions arising therefrom. Williams v. State, Okl.Cr., 475 P.2d 622 (1970). Accordingly, we find no error in this regard.

It is defendant's third assignment that the trial court erred in admitting evidence of other specific offenses for which the defendant was not on trial. This proposition has reference to the testimony and microfilm of other checks payable on the Turvey Packing Company account which had been altered.

■ Although as a general rule evidence of other specific offenses, other than that for which the defendant is on trial, is inadmissible, one exception is allowed with regard to proving a series or common scheme. This is particularly true "in the trial of cases for the crime of embezzlement [where] the various acts of embezzlement, if more than one act be proven, are often treated as a series or general scheme to embezzle." Casselman v. State, supra, 58 Okl.Cr. at 375, 54 P.2d at 681. "So that in cases of this class a different rule as to election of offenses is established than in cases of statutory rape, the sale of intoxicating liquors, and the like . . . ." Fulkerson v. State, 17 Okl.Cr. 103, 189 P. 1092, 1101. Casselman v. State,

supra, 58 Okl.Cr. at 376, 54 P.2d 678. We are therefore of the opinion that the evidence indicating that the defendant had altered other checks, payable to the account of the company for which she worked, were admissible under the exception to the rule applicable to embezzlement cases when necessary to show a systematic course of conduct or common scheme. We further note that the trial court properly instructed the jury that the evidence of the other checks was to be considered merely as to the establishment of a scheme or plan, motive or intent on the part of the defendant; and that the defendant could only be convicted on the evidence indicating that she had embezzled $400.00 from the proceeds of the check dated September 11th and cashed September 15, 1970.

■ It is defendant's fourth assignment that the trial court improperly instructed the jury. Defendant challenges the court's instruction just mentioned, which advised the jury they were to convict the defendant, if at all, on the evidence of the specific charge of embezzlement of $400.00, and that the other checks were only to be considered in reference to the establishment of a scheme or plan or motive or intent on the part of the defendant. Defendant challenges the sentence in the instruction which reads: "There has been introduced into evidence a number of other checks on this account which appear to have been raised in amount and paid by the bank in a larger sum than the amount shown on the carbon copies of the checks." Defendant claims that the words "which appears" invades the province of the jury. Defendant cites no controlling authority in point on this question, and we are aware of none. As stated, we feel that this instruction was a proper statement of the law and we find no prejudice arising therefrom which inured to the defendant's detriment.

■ It is defendant's final contention that the trial court erred in overruling defendant's demurrer and motion for directed verdict. Defendant contends that the evidence did not establish the offense of embezzlement, but rather indicated the of-

fense of forgery or altering a legal instrument. Our statutes expressly provide that "If any clerk or servant of any private person or co-partnership or corporation . . . fraudulently appropriates to his own use, or secretes with a fraudulent intent to appropriate to his own use, any property of any other person which has come into his control or care by virtue of his employment as such clerk or servant, he is guilty of embezzlement." 21 O.S. 1971, § 1456. Under such a statute, "It is immaterial whether the property be intrusted to the accused by the owner of the property, or by some other person for such owner." State v. Collins, 4 N.D. 433, 61 N.W. 467 (1895).

 We find that the evidence, taken in its strongest light, and if believed by the jury, does establish the offense of embezzlement as defined by the Oklahoma Statutes. Accordingly, defendant's contention in this regard is without merit.

Therefore, having considered defendant's assignments of error, and finding them to be without merit, we conclude that the judgment and sentence should be, and the same is hereby, affirmed.