## T. J. BALLEW v. STATE.

No. A-1934.    Opinion Filed July 3, 1915

1.  EMBEZZLEMENT—Bank Deposits—Specific Funds. Under section 2673, Rev. Laws 1910, (sec. 2612, Comp. Laws 1909), which penalizes any person acting as trustee, banker, merchant, etc., contemplates the prosecution of a banker for embezzling the funds of any bank as such, or any specific fund or property which is left for safe-keeping as distinguished from money or its equivalent deposited on account.

2.  BANKS AND BANKING—Cash Deposits—Right to Specific Currency. Cash or equivalent when deposited in a bank becomes immediately the property of the bank, and no depositor ·in the ordinary course of business has any right to have the specific currency or cash item returned.

3.  SAME—Embezzlement of Deposits. Any transaction had with an officer in charge of a banking institution, which transaction is within the scope of the bank's business and which clearly was intended to be a transaction with the bank, is conclusively presumed to be such. If any employee of a bank, after funds have been deposited with the bank by a customer, embezzles the same, the embezzlement is against the property of the bank and not the property of the depositor.

4.  EMBEZZLEMENT—Indictment—Bank Deposits—Allegations. An information which attempts to charge offense under sec. 2673, Rev. Laws, supra., should not attempt to charge that the embezzlement was made from a depositor and at the same time contain allegations that the transaction was had with the embezzler as an agent of the bank by a customer of the bank, transacting the ·regular and ordinary business of a depositor.

5.　　**SAME—Allegation as to Party Defended.** For an information which is held insufficient to charge an offense under sec. 2673, Rev. Laws 1910, see opinion.

(Syllabus by the Court.)

*Appeal from District Court, Blaine County;*
*J. R. Tolbert, Judge.*

T. J. Ballew was convicted of embezzlement, and appeals. Reversed.

*Seymour Foose, R. C. Brown,* and *L. H. Hampton,* for plaintiff in error.

*A. L. Emery,* county attorney, for the State.

ARMSTRONG, J. The plaintiff in error, T. J. Ballew, was convicted at the September, 1912, term of the district court of Blaine county on a charge of embezzlement, and his punishment fixed at imprisonment in the state penitentiary for a period of two and one-half years.

There are many assignments of error, only two of which we find it necessary to discuss. The first is based upon the contention that the information does not charge a crime under the statute. The information, omitting the caption, is as follows:

"Now comes A. L. Emery, county attorney in and for the state and county aforesaid, and gives the court to know and be informed that one T. J. Ballew, late of the county of Blaine and state of Oklahoma, on the 24th day of June in the year of our Lord one thousand nine hundred and eight, at and within the said county and state, was then and there and for a long time prior thereto, the cashier of the Bank of Commerce, a banking corporation existing and doing business under and by virtue of the laws of the state of Oklahoma, at Geary, and did as said cashier of said bank have in his possession and control and was otherwise entrusted with personal property, to wit: United States money for the use of another person, then and there belonging, to wit, H. R. Paden, did then and there unlawfully, willfully and intentionally, knowingly, wantonly, maliciously, feloniously and fraudulently embezzle, appropriate and convert to his own use and purpose, not in the due and lawful execution of his trust, the sum of one hundred nine ($109.25) dollars and twenty-five cents, good and lawful money of the United States, and of

the value of one hundred nine ($109.25) dollars and twenty-five cents, the property of him the said H. R. Paden, with the unlawful. felonious and fraudulent intent upon the part of him the said T. J. Ballew then and there to deprive the lawful owner thereof, the said H. R. Paden of said corporeal personal property and to convert, embezzle and appropriate the same to his T. J. Ballew, own use and benfit, contrary to the form of statute in such case made and provided and against the peace and dignity of the state."

A demurrer was filed to the information based upon the ground, among others, that it did not plead facts sufficient to charge a public offense, and further, that same was not direct and certain as to the particular circumstances of the offense, and did not sufficiently inform the defendant of the nature of the accusation. The demurrer was overruled and exception duly saved. It is conceded by the state that the information is drawn under section 2612, Comp. Laws 1909, which is as follows:

"If any person being a trustee, banker, merchant, broker, attorney, agent, assignee in trust, executor, administrator or collector, or being otherwise entrusted with or having in his control property for the use of any other person, or for any public or benevolent purpose, fraudulently appropriates it to any use or purpose not in the due and lawful execution of his trust, or secretes it with a fraudulent intent to appropriate it to such use or purpose, he is guilty of embezzlement."

The county attorney in his brief argues that it is sufficient to plead and prove that money was entrusted to the accused as cashier of the Bank of Commerce, for the use and benefit of Paden, and that the accused fraudulently appropriated the same to his own use. With this contention we cannot agree. The money in question, if embezzled at all, was embezzled from the Bank of Commerce and not from Paden. This plaintiff in error should have been prosecuted for embezzling the funds of the bank, and not the funds of Paden. The transaction as charged in the information and proved in the record clearly indicates that it was had, so far as Paden was concerned, with Ballew as agent of the bank, and not with Ballew acting for and on his own account. The bank could not escape liability in the premises for the reason that the transaction was one in the

regular course of the bank's business, and not one in the regular course of the business of T. J. Ballew on his own account. The information charges that Ballew was acting in the capacity of cashier of the bank. A rule which would declare Ballew liable to prosecution for embezzling this money as funds of Paden, would have the effect of absolving the bank from any civil liability for the funds. The crime could be as easily and strongly established, and more so, under an information charging the embezzlement of the funds of the bank than for embezzling the funds as the property of Paden. There is no reason why the state should rely upon the contention that an officer of a bank can embezzle the funds deposited by a customer and thereby absolve the bank from liability. The moment the funds cross the threshold of the bank's receiving window, and enter the custody of any officer of the institution, that custody is the custody of the bank itself, if the transaction is one in the due and regular course of banking business and customs. The information should have charged this plaintiff in error with embezzling the funds of the bank and he should have been punished, under the testimony, for such crime. Under the law in Oklahoma, there are no individual bankers, in a strict sense; the banking business is done exclusively by corporations, either federal or state, who act through individuals as their agents. Money deposited in banks is not left in trust of the officers or agents, but is left as a trust with the bank, and becomes the property of the bank, with the only obligation, ordinarily, that its equivalent in like kind be returned to the depositor on demand. There is no agreement, express or implied, that the officer or agent of the bank is to personally account to each depositor. These officers and agents account to the bank, and it to the customer.

The second proposition is based upon the contention that the state's special prosecutor was guilty of prejudicial conduct in the closing argument. It is clearly apparent that the special prosecutor, who was employed by the State Banking Board, was entirely too vigorous and clearly unfair in the closing argument. Since the facts disclosed by the record and within the

knowledge of the court are such that the prosecution will not again be conducted by the same counsel, we feel inclined to forego a discussion of the errors assigned on this feature.

The judgment is reversed and the cause remanded with direction to the trial court to dispose of the same according to law.

DOYLE, P. J., concurs.    FURMAN J., absent.