## QUEENAN v. MARYLAND CASUALTY CO. OF BALTIMORE, MD.

### No. 2190.

District Court, N. D. Oklahoma.

May 26, 1936.

Hamilton & Howard, of Pawhuska, Okl., for plaintiff.

Green & Farmer, of Tulsa, Okl., for defendant.

FRANKLIN E. KENNAMER, District Judge.

This is an action to recover on a fidelity bond executed by C. E. Ashbrook, cashier of the First National Bank of Fairfax, Okl., as principal, and the defendant as surety.

The defendant has elected to stand upon its demurrer to plaintiff's evidence and the case is now for decision.

Defendant argues that it is entitled to judgment for two reasons: First, because

the evidence fails to show a loss within the terms of the bond; second, because of failure to institute suit within the time required by the bond.

The bond contained the following provision: "The company covenants and agrees that it will * * * make good and reimburse the employer * * * for such loss of money which the employer shall have sustained by reason of any act or acts constituting larceny or embezzlement, committed by the employee."

The alleged defalcations of Ashbrook as cashier, upon which the action is based, occurred while he was also treasurer of the city of Fairfax, and defendant contends the effect of Ashbrook's acts in evidence, if sufficient to amount to any larceny or embezzlement, constitute larceny or embezzlement of the funds of the city of Fairfax and not those of the bank, and therefore the bank sustained no loss within the terms of the above-cited provision of the bond.

■ The dual capacity in which Ashbrook acted makes the situation, otherwise easy of solution, somewhat complicated. Ashbrook maintained an account in the bank as city treasurer, and also had an individual account there. The evidence disclosed several transactions similar to the following:

On March 2, 1931, Ashbrook, as city treasurer, received from the county clerk of Osage county, a county warrant for $1,546.90, which represented funds belonging to the city. This he placed in the bank and caused to be remitted on the same day, to the First National Bank & Trust Company of Oklahoma City, a correspondent of the First National Bank of Fairfax, for the credit of the latter with the correspondent. Also on the same day he caused his account as city treasurer in the First National Bank of Fairfax to be credited with a deposit of $670.45, and had issued to himself, individually, a cashier's check No. 13923, of the bank for $876.45. These two last-named amounts total the amount of the county warrant. On May 11, 1931, Ashbrook cashed the cashier's check No. 13923 and on the same day credited his personal account in the bank with $535, and issued to himself a cashier's check for $341.45. This was cashed by him on May 13, 1931, and his personal account credited with $330, with the deposit ticket showing he took $11.45 in cash. It is clear by these acts Ashbrook appropriated $876.45 to his own use in a manner constituting embezzlement. Was it a loss to the bank within the terms of the bond? True, Ashbrook received the warrant as city treasurer, but his disposition of it by placing it in the assets of the bank was the act of Ashbrook as cashier of the bank. The bank's assets were augmented to the extent of the amount of this warrant, and the bank became liable to the city of Fairfax for that amount. Crediting a depositor's account with a deposit is the act of an agent of a bank receiving the deposit. Clearly, if Ashbrook as cashier had credited the entire amount of the warrant to the city treasurer account, the relation of debtor and creditor between the bank and the city would have been established pro tanto, and I cannot see that the case is different because he credited the said account with only a part of the amount and issued a cashier's check to himself for the balance. He was acting for the bank in augmenting its assets by obtaining, as cashier, a credit for the bank from its correspondent for the amount of the warrant, and when he converted to his own use a portion of that amount he was appropriating money for which the bank was liable as a debtor to the city. Accordingly, it seems to me that the bank sustained a loss by the embezzlement of its funds by Ashbrook as its cashier. Ballew v. State, 11 Okl.Cr. 598, 149 P. 1070; Spencer v. U. S. (C.C.A.) 169 F. 562; Wherrell v. U. S. (C.C.A.) 18 F.(2d) 532; United States Fidelity & Guaranty Co. v. Hughes (C.C.A.) 40 F.(2d) 34.

Defendant insists that City of Parsons v. Fidelity & Deposit Co. (C.C.A.) 43 F.(2d) 315, and Hudson v. United States (C.C.A.) 55 F.(2d) 591, establish its point. There is some analogy between these cases and the case presented here, but as I read them they are not authority against the conclusions I have reached.

The Parsons Case involved the right of the city to recover on the fidelity bond of its city treasurer who was cashier of a bank designated as a city depositary. The opinion of the trial court absolved the surety largely on the theory that because of the relation of debtor and creditor existing between the bank and city, the embezzlement was of the bank, and not city funds. See opinion (D.C.) 29 F.(2d) 417. While the appellate court reversed this decision, it expressly stated that it did not question the proposition that the relation of debtor and creditor existed between the bank and the city, and that it was no an-

swer to the liability of the surety that the city might sue the bank and recover the entire loss, so I think it is no answer to the surety's obligation here that Ashbrook may have defaulted as city treasurer, since the bank had such title to the county warrant, that it became a creditor of the city. Fidelity bonds, being insurance contracts, are construed most favorably to the obligee. It would also seem that any technicality as to whose funds were embezzled by Ashbrook is unimportant. If the loss resulting from his acts as cashier falls upon the bank it should be protected by the bond.

The Hudson Case was a criminal prosecution against a president of a bank for misapplication of its funds. The defendant was also treasurer of a drainage district. Only one of the transactions charged, that described in the first count, has any resemblance to any of the transactions of Ashbrook. A county treasurer who collected taxes for distribution to the drainage district kept an account in the same bank and delivered to the defendant, as treasurer, a check as a remittance of funds due the drainage district. The check was made payable to the bank. It was received by the defendant after it had been placed on his desk at the bank by another bank employee. He did not deposit it, but used it to pay the bank for a draft of equivalent amount drawn on another bank, and payable to a still different bank, which secured the money thereon for application to the personal credit of defendant. It was held that under these facts the funds represented by the check never became a part of the bank funds. No question of civil liability between the bank and the drainage district was involved, and I think the transaction is readily distinguishable in effect from any involved in the instant case.

■ However, without reference to the acts of Ashbrook of the character hereinbefore discussed, there is one transaction in evidence which plainly constitutes an embezzlement of bank funds by him in an amount more than the amount of liability named in the bond. Ashbrook drew a draft, payable to himself, for $8,000 against the account of the bank with the Fidelity National Bank of Kansas City. On the same day he deposited this draft in the Fairfax National Bank of Fairfax to his credit as guardian of one Charles Fletch-

er. Also, on the same date he caused his account as city treasurer in the First National Bank of Fairfax to be debited with an equal sum. I can see no room for sound contention that this transaction did not constitute an embezzlement of the bank's funds.

■ Defendant's second contention is predicated upon the following clause in the bond: "That no proceedings in law or in equity shall be brought to recover any claim under this bond unless the same shall be commenced and the process served upon the Company within a period of twelve calendar months from the time notice of discovery of loss shall have been given the Company by the employer * * *."

It is conceded that the action was brought beyond this period. However, because violative of section 9491, O.S.1931, this provision in the bond is void. The cited statute reads: "Every stipulation or condition in a contract, by which any party thereto is restricted from enforcing his rights under the contract by the usual legal proceedings in the ordinary tribunals, or which limits the time within which he may thus enforce his rights, is void."

The Oklahoma Supreme Court has consistently held that contract provisions of a character like the clause contained in this bond are invalid because in contravention of this statute. See the recent holding of that court, reviewing prior cases to the same effect, in Fidelity & Deposit Co. v. United States Fidelity & Guaranty Co., —— P.(2d) ——.[1] In accordance with the above conclusions, the defendant's demurrer to the evidence is overruled and judgment will be entered for the plaintiff.

■ Defendant makes some contention that because the bank compromised a claim made against it by the city of Fairfax for approximately $105,000 for 20 per cent. of that amount, the surety here, if at all liable, would be liable for only the same percentage of the amount sued for in this case. This contention, I believe, has no merit. The actual settlement greatly exceeded the total amount of liability under the bond. The bond limits the liability of defendant to the sum of $5,000. It is agreed that defendant is entitled to a credit of $800 thereon. Therefore, judgment is rendered for plaintiff in the sum of $4,200.

---

[1] Rehearing pending at date of publication.